CHARLES E. D'INVILLIERS *v.* THE SECOND MUNICIPALITY OF NEW ORLEANS.

An exception to the sufficiency of the description in the petition of the notes sued on, will be overruled, where the notes themselves are annexed to the petition for reference.

It is unnecessary, in an action on notes issued by a municipal corporation in this State, and circulated as a currency, to prove the authority of the municipal officers by whom they were signed. The circulation of such notes by the corporation is a historical fact, of which the court will take notice without proof.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

The petitioner in this case alleged, that the defendants are indebted to him in the sum of $500, with interest, for this, that the petitioner is the holder and owner of certain promissory notes, for various sums, payable on demand, drawn and endorsed by the duly authorized officers of the Municipality No. Two of the city of New Orleans, to wit: S. H. Turner, Jr., and Thomas Sloo, Jr., as Treasurer, and John Calhoun, as Comptroller, all said notes being dated at New Orleans at sundry times, and annexed to this petition for reference," &c.

*Hornor,* for the plaintiff.

*Rawle,* for the appellants.

MARTIN, J. The defendants sued on a number of municipality notes, pleaded as an exception, that they were not described in the petition. The exception was overruled; judgment was taken by default, for want of an answer; and afterwards confirmed; whereupon the defendants appealed. The exception was properly overruled, the notes being annexed to the petition for reference. In making the judgment final, one witness only was introduced. He deposed, that he presented the notes to the defendants' Treasurer, and demanded payment, and was answered that they were genuine, but that he could not pay them. He proved the signatures of the Treasurer and Comptroller on the notes. It has been urged, that the court erred, there being no evidence of the authority of the Treasurer and Comptroller to sign the notes. It is a historical fact of which the court cannot fail to take notice, that

such notes as those sued upon, have been put afloat by the Municipality.

*Judgment affirmed.*