M. S. HEDRICK *v.* Mr. & Mrs. BANISTER.

A married woman, though a public merchant, cannot be proceeded against by suit in the absence of her husband, without an authorization of the Judge before whom the suit is brought.  C. P. 118 ; C. C. 128.

The rule given in *Dupuy* v. *Hunt*, 2 An. 564, as to citation of absentees by service upon a curator *ad hoc* reaffirmed.

APPEAL from the Fifth District Court of New Orleans. *Augustin*, J. *Wooldridge*, for plaintiff. *Durant & Horner* for defendant and appellees.

VOORHIES, J. The action in this case is based on the following document :

"$1,000                                      NEW ORLEANS, 24th January, 1849.

Due *M. S. Hedrick* the sum of one thousand dollars, in value for that amount borrowed this day, and in default of payment the 1st of September next, if demanded, the said *M. S. Hedrick*, by this instrument of writing, hath the lawful claim and title to two negroes, now in my possession, by the names of *Jane* and *Aleck*, and slaves for life, as witness my signature.

C. BANISTER."

The plaintiff alleges that *Charlotte Banister* is a public merchant; that she, being the owner and possessor of said slaves, signed the above note with the consent and authorization of her husband, *Thomas Banister*, by whom the body of the same was written. He prays that they be condemned, *in solido*, to deliver to him as lawful owner, the slaves *Jane* and *Aleck*, and in default thereof, condemned, *in solido*, to pay him $1,000, with legal interest from the 21st of October, 1853 ; and also prays that *Thomas Banister* be ordered to answer, under oath, whether the body of the note or obligation annexed to his petition, was written by him or not, and whether the same was signed by *Charlotte Banister* with his knowledge and consent or not.

After denying the execution of the note, and pleading the general issue, *Charlotte Banister* avers in her answer, that her husband is now absent from the State ; that he has resided and has had his domicil in the State of California for nearly five years past ; that she has had no communication with him on the subject of this suit, and is not in any manner empowered to represent him, or answer for him in the premises.

The curator *ad hoc*, appointed by the court to represent *Thomas Banister* as an absentee, filed an answer, averring that *Charlotte Banister* had no authority to sign the note sued on, and denying that there ever was any consideration for the same, or that the same was given in the usual course of her business. He also pleaded prescription.

The defendants are appellants from a judgment rendered against them *in solido*, for the sum of $1,000, with interest as prayed for, and also $2 50, cost of protest, and $25, allowed to the curator *ad hoc* as a fee and to be taxed as costs, and the costs of suit.

It is shown by the evidence that *Charlotte Banister* was a public merchant at the date of the note; that the note is in the hand-writing of her husband, except the blanks, which were filled up by the plaintiff, himself, with "$1,000" —"one thousand dollars." The signature of Mrs. *Banister* to the note is proved by the testimony of *Carter* and *Clidsey*. It is admitted that the plaintiff and *Thomas Banister* left this city together in 1849, for the State of California, and that the latter has never returned since. The answer of *Thomas Banister* to the interrogatories propounded to him, taken under commission, are also in evidence. He says that his wife did not sign the document (a copy of which being annexed to the commission) in his presence or with his knowledge; that she always had such a privilege whenever she needed it; but never knew her to sign a note or business paper up to that time. The plaintiff's receipts have also been produced in evidence; one of which to *Thomas Banister*, dated, at Sacramento city, the 26th November, 1849, purports to be for $229 25-100, for the expenses of *John Edmonds* to California, the balance ($284 68) in full to date; and the other is as follows :

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| "Draft | - | - | - | - | - | - | $ 133 33 | | |
| Squins, | - | - | - | - | - | - | 156 00 | | |
| Cash, | - | - | - | - | - | - | 20 00 | Cash $1050 | |
| Gold Watch, | - | - | - | - | - | 323 00 | | |
| | | | | | | | $632 33 | | |

Rec'd, New Orleans, May 9th, 1850, of *C. Banister*, four hundred and seventeen dollars 68 cents in full.          M. S. HEDRICK."

Some of the witnesses proved on the trial below, that in conversations with them Mrs. *Banister* declared that she had borrowed one thousand dollars from the plaintiff.

The defendants have urged various grounds of objection to the plaintiff's right of recovery; among others, as errors apparent on the face of the Record, First, "That *Charlotte Banister*, a married woman, has been sued in the absence of her husband without any authorization to defend the suit by the Judge, before whom the same is brought." We think this objection is well taken. It is clear, under article 118 of the Code of Practice, that if " the husband be absent, the plaintiff must demand that the wife be authorized by the Judge, before whom the suit is brought; to defend it alone, if she be of age." The Civil Code, Article 123, declares that " that the wife cannot appear in court without the authority of her husband, although she may be a public merchant." In the case of *Adle* v. *Anty*, 1 A. 260, an hypothecary action against the wife in which the husband was joined, where a judgment by default had been regularly taken against both of them, and afterwards set aside on the wife's answer alone, it was held that the judgment rendered upon that issue, considering her separate answer as an unauthorized appearance in court, was not binding upon her. See also 3 A. 619.

Second, " That *Thomas Banister* could not be legally brought into court by the appointment of a curator *ad hoc* to represent him ; and all the acts and doings of said curator are null in law." The rule on this point may be considered also as well settled. Mr. Chief Justice *Eustis*, as the organ of the court, in

27

*Dupry* v. *Hunt,* 2 A. 564, said, " In our opinion it only authorizes the appoint-
ment of a curator in suits which may lawfully be instituted against the absentee,
and which are pending before the Judge who is called upon to make the ap-
pointment, but confers no power to bring absentees, into court, on the simple
demand of a creditor.   If the absentee leaves his property without an adminis-
trator or agent, if it be attached at the suit of a creditor, or if an absentee be-
comes a necessary party to a suit between other persons lawfully in court, in
the furtherance of justice, the law authorizes a curator to be appointed to re-
present him."   From this it clearly follows that *Thomas Banister* was not
legally brought into Court by the appointment of a curator *ad hoc.*   Mrs.
*Banister* in her answer, as we have seen, disclaims having any authority to re-
present her husband in the present controversy; and it is neither alleged nor
proved by the plaintiff that she possessed any such authority.    We are,
therefore, of opinion that our learned brother of the District Court erred in
sustaining the plaintiff's action.

It is therefore ordered and decreed that the judgment of the District Court
be reversed and avoided, and that the plaintiff's demand be dismissed at his
costs in both courts.