RICHARD M. JOHNSON *v.* JOHN H. GENNISON.

When an instrument or obligation is annexed to a petition and made part thereof, it is an ample
notice of the cause of action.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Whitaker, Fellows & Mills,* for defendant.

*Field & Shackleford and J. E. Wallace, for plaintiff*—(Brief on motion to dismiss).—The amount of the judgment, including interest, is the criterion by which the amount of the appeal bond is to be fixed. 2 La. 86; 9 A. 310.

It must exceed that amount by one-half. C. P. Article 575.

The judgment in this case, including interest up to the day of its rendition, amounted to $2,269 62, to which add one-half more, and we have a sum total of $3,404 43, which should have been the amount of the appeal bond; but the bond is, in fact, for only $3,000, and is, therefore, insufficient and no bond at all, and this Court cannot entertain the appeal.

The transcript filed does not contain all the evidence offered on the trial.

There is no text in either Code, nor is there any statute fixing or limiting the time within which a motion to dismiss an appeal must be made. In some cases, the Supreme Court have required such motions to be made within three days after the fixing of the record, but there is no law for such a ruling, and the Court has consequently not uniformly adhered to it.

The only law from which any rule can be drawn, are Articles 590, 591, 886, 887, 888, 889, 890, 891, of the Code of Practice, which refer to the filing of the answer; and, by Article 890, the appellee has until the day of argument to file his answer, if he only pray for confirmation of the judgment.

Now, a motion to dismiss in this case by appellee is, in effect, a prayer for confirmation; and, if any rule upon the subject of motion to dismiss is to be established from analogy, it must be drawn from the 890th Article of the Code of Practice.

*Second Brief for Appellee.*—This is a suit upon two notes drawn by defendant to his own order, and secured by mortgage on real estate.

The defendant excepted to the petition, on the ground that the notes and mortgage were not sufficiently described, but as both the notes and mortgage were filed with and made part of the petition, the exception was properly overruled. *D'Morlliers* v. *Second Municipality et als.,* 5 R. 123.

Defendant then answered, in which he admitted the execution of the

18

notes, but pleaded payment at maturity through one Luneschlass, his, agent and banker, with money or funds furnished by him, defendant, and denied plaintiff's title to the notes.

In this state of pleading the parties went to trial, the onus probandi being on defendant; but he failed to administer any proof upon the issue. thus sharply and distinctly made in his answer.

The plaintiff, on the contrary, not content with the prima facie evidence of title, growing out of the possession of the notes, which was all that was necessary, and upon which he might have rested safely, has in addition, proved his purchase, the consideration paid, possession of the notes, both before and after maturity, and defendant's knowledge of, and acquiescence in plaintiff's title and possession, more than twelve months. after the maturity of the last of said notes, and more than eighteen months after he pretends to have paid them. See testimony of Robert Johnson, page 39, of T. A. James, page 41. Extract from Bank Book, page 42, and testimony of Hiram Smedley, pages 34, 35.

The counsel for defendant objected to the reception of the notes in evidence, on the ground that the curator of a succession cannot dispose of the notes of the succession without an order of the Court.

That question might arise between the curator and the creditors, or heirs of a succession, but not in a case like the present. See *McKinney* v. *Beeson's Estate*, 14 L. 254; *DeGoer et al.* v. *Kellar*, 2 A. 496.

The defendant then attempted to prove a settlement of the debts, for which the notes were given, in a manner and at a time entirely different from that which he had set forth in his answer, and entirely inconsistent with and contradictory to his answer, and to that end offered certain records, to the reception of which plaintiff objected, and now calls the attention of the Court to his bill of exceptions on page 43 of the transcript. In support of his objection, he urges the familiar maxim that the proof must conform to and correspond with the allegation, and cites the cause of *Victoire et al.* v. *Monton*, 8 M. 400; 2 L. 304; *Delogny* v. *Smith*, 3 L. 420; *Bonchee* v. *Michel, Administrator, et al.*, 10 R. 92; *Reily* v. *Wilcox*, 12 R. 648.

But if these documents were admissible under the pleadings, they only serve to show the bad faith, or fraud of defendant. On 14th March, 1859, he obtained a judgment against the succession of Gardner Johnson for $2,000, with interest and costs. On the 16th August, 1860, he purchased property at said Johnson's succession sale to the amount of $2,525. See proces-verbal of said sale offered by defendant, page.          Now, a calculation of the debt, interest and costs of the judgment in favor of *Gennison* v. *Johnson's Succession*, up to the 16th of August, 1860, the day he purchased the property, shows that Johnson's succession owed him on that day $2,401 43, to which add $125 42, the amount he pretends to have paid in cash, and we have $2,526 85, a little more than necessary to pay the amount of his bid. Then why did defendant, several months after—

wards, execute these notes sued on, and have them paraphed by a notary public, unless it was for the purpose of putting them on the market, and raising money by inducing some innocent third party to purchase them. He must have known that he did not owe Johnson's succession the amount of these notes, if the amount of his bid had been settled by compensation and the payment of $125 cash.

Taking, then, the records as evidence, and placing the most charitable and rational construction on the conduct of defendant, he put these notes on the market and received the proceeds. When the first one was placed in bank, in February, 1861, and he notified, he went to plaintiff's agent and asked him to withdraw the note from bank and not have it protested.

After the city of New Orleans was occupied by the United States forces, in 1862, Hiram Smedly, another agent of plaintiff, called on defendant for the payment of these notes. Defendant replied: "Ask Johnson how he expects me to pay money on notes at such times as these." See Smedley's testimony. And the idea of pleading payment being altogether an after-thought, accounts for the vague and contradictory manner in which he sets it forth and attempts to prove it. We submit, therefore, that, in any view of the case, he cannot be permitted to avail himself of his own wrong and avoid the payment of these notes.

LABAUVE, J. The plaintiff alleges that he is the holder and owner of two mortgage notes, hereto annexed, and hereof made a part, due by John H. Gennison, amounting to $1,683 33, with six per cent. interest, from 16th August, 1860, until maturity, and eight per cent. therefrom until paid. That the payment of said notes is secured by the vendor's lien and special mortgage on the property described in the notarial act of sale hereto annexed and hereof made a part.

The defendant excepted to the petition, on the grounds that it sets forth no cause of action, nor are the allegations set forth with that degree of certainty which is necessary for the basis of a judgment, nor such that this defendant can, with safety, answer thereto.

The Court overruled the exception; we believe this decision is correct. The notes sued on and the act of mortgage being annexed to and made a part of the petition, the defendant had ample notice of the cause of action. 5 Rob. 123.

The defendant, answering on the merits, filed a general denial; admitted the execution of the notes sued upon; denied that plaintiff had any right or title in the same; alleged that the notes had been taken up with funds furnished by respondent, by one Luneschloss, who acted as a banker for respondent, and had all his papers, and with whom he left his money as on deposit; that these notes thus taken up at their maturity were in said Luneschloss' clerk's possession when he left suddenly this city without returning to this respondent said notes, etc.

Judgment being rendered below in favor of plaintiff, the defendant took this appeal.

On trial of the case below, plaintiff offered in evidence the two notes and act of mortgage annexed to the petition. The defendant objected to the admission of said documents, on the ground that neither of the notes, nor the act of mortgage, were at all described in the petition; and that, being mortgage notes given to the curator of the vacant estate, the plaintiff must show a transfer by judicial sale or by act of partition to him. The Court overruled the objection and admitted the evidence. We are of opinion that the Court did not err.

The signature of the defendant to the notes sued on is admitted; the notes are payable to his own order, and by himself endorsed in blank. This endorsement is proven by the act of mortgage, and the plaintiff has shown clearly that he is the holder of said notes, which are payable to bearer under the blank endorsement.

We have carefully examined the evidence, and we are of the opinion that the defendant has failed to establish his defence.

Judgment affirmed, with costs.

HYMAN, C. J., and HOWELL, J., recused.