(49 South. 689.)

No. 17,408.

M. M. SANDERS & SON v. SCHIL-
LING et al.

(May 24, 1909.)

1. LOGS AND LOGGING (§ 3*)—SALE OF TIM-
BER CONTRACT—IN WHAT STATE MADE.

The complaining partnership was not a
partnership formed in this state.

The members of the partnership removed to
this state.

The contract between plaintiffs and defend-
ants, which plaintiffs alleged was breached, was
a Louisiana contract.

The defendant pleaded that the plaintiff cor-
poration was null. It was null under the laws
of this state. The evidence does not meet the
charge that it was absolutely null at the place
of the original domicile.

[Ed. Note.—For other cases, see Logs and
Logging, Dec Dig. § 3.*]

2. MINORS — PERSONS WHO MAY BE PART-
NERS.

The mother could not form a partnership
with her son, a minor.

[Ed. Note.—For other cases, see Infants, Cent.
Dig. §§ 130–134; Dec. Dig. § 54.*]

3. MINORS — MARRIED WOMEN — JUDGMENT—
COLLATERAL ATTACK.

Contracts with married women unauthoriz-
ed, and contracts with minors, may be deem-
ed null in a collateral action.

[Ed. Note.—For other cases, see Infants, Cent.
Dig. § 320; Dec. Dig. § 112.*]

4. HUSBAND AND WIFE (§ 203*)—ACTIONS BY
WIFE.

The husband's authorization of his wife
to institute a suit must appear of record.

[Ed. Note.—For other cases, see Husband and
Wife, Dec. Dig. § 203.*]

5. HUSBAND AND WIFE (§ 223*)—ACTIONS BY
WIFE—DEATH.

At the dissolution of the marriage by the
death of the wife, the husband, without having
been qualified to represent the succession, can-
not continue the suit instituted by her by asking
to be made a party.

It was also necessary for him to qualify as
tutor of his minor son, who was a member of
the partnership.

Plaintiffs have a right to a return of their
property or to a reimbursement therefor.

This judgment must be demanded by persons
authorized to sue and stand in judgment.

[Ed. Note.—For other cases, see Husband and
Wife, Dec. Dig. § 223.*]

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial Dis-
trict Court, Parish of Tangipahoa; Clay El-
liott, Judge.

Action by M. M. Sanders & Son against
Mrs. Eusebe Fortenberry Schilling and oth-
ers. Judgment for defendants, and plain-
tiff appeals. Judgment amended.

Reid, Purser & Reid, for appellant.
Charles Augustus Duchamp, for appellees.

BREAUX, C. J. The plaintiff is a part-
nership formed in Mississippi. The mem-
bers of the partnership were Mrs. M. M.
Sanders, a married woman, and her son, a
minor 15 years of age. The manager of the
firm was Chas. A. Sanders, the husband of
Mrs. M. M. Sanders and the father of the
minor.

In December, 1905, the manager made a
contract with the defendants in which the
latter agreed to deliver to plaintiffs the mer-
chantable pine timber on lands which they
claimed to own, for prices varying from $4
to $5 per 1,000, according to the quality of
the timber.

At the date of the contract, the members
of the plaintiff firm were residents of Mis-
sissippi; the defendants, residents of Louisi-
ana.

The contract was entered into in Tangipahoa
parish, and the trees sold were in this state.

The contract contains no special descrip-
tion of defendants' land.

The partners, mother and son, before men-
tioned, moved to the parish of Tangipahoa,
and, through the manager before mentioned,
began the work of erecting a sawmill and of
constructing two houses.

One of the houses was completed; the oth-
er was only partially constructed.

In addition, plaintiffs had four wells bored
for water necessary to operate the sawmill
which they were building.

In making the improvements, plaintiffs'
contention is that they expended $700.

Plaintiffs claim $100 for loss of time and annoyance, $250 for fees of attorney, and $2,000 damages which they aver they would have realized if defendants had not, as they stated, violated the contract.

After one building had been constructed and the sawmill and another building partly constructed, plaintiffs allege that they learned that there were claims on the land on which the trees were standing.

They abandoned the contract without placing defendants in default, urging as a reason for abandonment that the asserted claims would prevent execution of the contract on the part of defendants.

Mrs. M. M. Sanders of the firm having departed this life in Louisiana after the suit had been brought, on the day that it was called for trial, Chas. Sanders, the husband, appeared in court and asked to be recognized as plaintiff in the case.

To go back to the suit and its personnel: We have seen that it was instituted in the name of the partnership composed of the minor and his mother.

Defendants originally controverted the right of these two to appear in the suit on the ground that the partnership had no legal existence, and that plaintiffs had no right to institute and prosecute this suit.

It is almost supererogation to state that the instrument before referred to as the basis of the suit is a Louisiana contract.

The wife suing on such a contract must be authorized by her husband.

He was not originally a party to the suit and never appeared as a party to the suit while she lived.

After her death he was without authority to appear in court and represent the succession and prosecute the suit. If he was the survivor in community, he had no right to stand in judgment. He was not the tutor of his minor son.

True, at the date that the father became a party to the suit, the son was emancipated by marriage, but had only such authority as such emancipation confers. That did not authorize the son to ratify and make good that which was not good while he was a minor simply by continuing to appear in the suit.

He is a minor at this time.

Besides, if he could ratify that which had been done, though an absolute nullity, the succession would still not be represented in the suit, as the husband would not represent it by making himself a party to the suit without appointment by the court.

In fine, the partnership between the mother and her minor son did not have the most remote right to stand in judgment in Louisiana.

If it be claimed that it was a partnership under the laws of Mississippi, the position is still as untenable. There is no evidence before us that it is a legal partnership, under the laws of Mississippi.

No proof has been offered to sustain the position that in Mississippi such a partnership could be organized between the mother and her minor son, and that without the least authority of the husband.

A suit cannot be brought in the name of a partnership that is absolutely null.

Articles of the Civil Code and decisions in point:

The wife not authorized to appear in court.

The wife who is a public merchant engaged in "separate trade" cannot appear in court without the authorization of her husband. Article 121, Rev. Civ. Code.

The husband must expressly authorize his wife. His tacit authorization will not suffice. Hedrick v. Banister, 10 La. Ann. 208.

A married woman who buys trees and has them sawed into lumber is not a public merchant. Moussier v. Gustine, 25 La. Ann. 36.

She cannot appear in court without the

authority of her husband or of the court. Rev. Civ. Code, art. 121.

Another of plaintiff's points is that the contracts of the wife and minor are not subject to collateral attack.

To this it suffices to state: A judgment for or against a minor, not legally represented, is null and will be so declared without having to resort to an appeal or action of nullity. Psyche v. Paradol, 6 La. 377. See, also, Baldwin v. Carleton, 11 Rob. 109; Thomas v. Breedlove, 6 La. 577; Bernard v. Vignaud, 1 Mart. (N. S.) 1.

Any one may have an absolute nullity pronounced. Quine v. Mayes, 2 Rob. 510.

A judgment against a minor not represented can have no effect. Bledsoe v. Erwin, 33 La. Ann. 618.

A judgment against one dead is void and can be so decreed at the instance of any interested person. Edwards v. Whited, 29 La. Ann. 647.

Plaintiffs cite article 1793 of the Revised Civil Code, relating to contracts with incapacitated persons.

True, their property, transferred under a null contract, must be returned to them.

In such contract, in order that recovery may be had of the thing paid or given, a suit must be brought in the name of some one having capacity to sue.

To whom are defendants liable for the improvements and for other claims, if liable?

Not to M. M. Sanders & Son, a nonexisting partnership which cannot legally be heard in a lawsuit.

The judgment of the district court rejected plaintiffs' demand. It must be amended in this respect.

It is therefore ordered, adjudged, and decreed that the suit be, and the same is hereby, dismissed, and plaintiffs' demand is not allowed as in case of nonsuit. Plaintiffs and appellees are condemned to pay the costs of appeal.