———o———

## No. 6788.

## C. HYLAND & COMPANY v. MISS ANNIE M. RICE.

### Syllabus.

1. A plaintiff's right to sue and stand in judgment must be challenged by formal plea tendered in *limine.*

2. Contracts when duly entered into are of course binding on the parties who make them, but do not cover matters not in the contemplation of the parties at the time such contracts are made.

Appeal from the Civil District Court, Parish of Orleans, No. 110,432, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

James J. McLoughlin, for plaintiff and appellee.

F. C. Querens, for defendant and appellant.

55

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action by a partnership for work done and material furnished for account of the defendant.

Long after issue joined, that is, when the case was actually on trial, the defendant filed an exception (November 18th, 1915), in which she set up that the plaintiff was without right to stand in judgment for the reason that it was not a legal partnership because composed of individuals, one or more of whom are minors. And to support this contention defendant relies upon *Sanders & Son v. Schilling*, 123 *La.*, 1009.

Whatever merit there. may be in the exception, it was filed too late. "A plaintiff's right to sue and stand in judgment must be challenged by formal plea tendered in *limine*." *Gaulden v. Railway Co.*, 106 *La.*, 410; *citing* 36 *An.*, 750, 35 *An.*, 251, 34 *An.*, 850, 24 *An.* 404.

The exception was therefore properly overruled.

### On the Merits.

As the trial Judge says (in overruling a motion for plaintiffs to elect whether they will proceed on *quantum meruit* or on contract), the petition plainly sets forth that it is brought on a *quantum meruit*. And the first answer set up merely the general issue. It was only the day before the trial began that defendant set up on her part **a contract** with plaintiffs that the work should cost her only $350, which is now the main defense relied upon by her.

The defendant and two witnesses did indeed testify to such an agreement, which, however, was denied by plaintiff. And yet the District Judge found no such contract.

56

The truth of the matter is, as the District Judge seems to have found, that some such estimate was made by plaintiffs at the time the work was begun; but this being a contract to "rat proof" a house the Government physician directed so much and such extensive additions to the work originally contemplated, that the contract, if any there were, certainly could not have meant to include everything which was done, and which is abundantly shown to have been worth far in excess of the alleged contract price. We therefore agree with the District Judge in rejecting the contract set up as a defense.

As to the value of the work done, there is quite naturally some difference of opinion as to its value, but even the testimony for defendant shows that it was worth far in excess of the alleged contract price.

On the other hand, the plaintiffs have by an abundance of testimony shown in detail the amount of work done and established that the prices charged were fair and reasonable.

The District Judge so found and gave judgment for plaintiff as prayed for. His judgment seems to be correct.

Judgment affirmed.

Opinion and decree, November 6th, 1916.

Rehearing refused, December 4th, 1916.

Opinion and decree on motion to dismiss appeal reported in Book XIII, p. 495.