No. 3310

Second Circuit

———

FACKLER v. T. C. CLANTON LBR. CO.

———

(April 9, 1931.  Opinion and Decree.)
(May 20, 1931.  Rehearing Refused.)
(June 22, 1931.  Writs of Certiorari and
Review Refused by Supreme Court.)

———

John B. Files, of Shreveport, attorney for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

McGREGOR, J.  Mrs. W. B. Fackler, plaintiff, alleging herself to be a resident of Lee county, Ala., brings this suit against the defendant, T. C. Clanton Lumber Company, Incorporated, a Louisiana corporation domiciled at Shreveport, La., for the price of two cars of lumber alleged to have been sold to the defendant and shipped and delivered in accordance with its instructions.  The suit is brought by a simple, ordinary petition.  To the petition are attached two bills of lading and two invoices, all covering lumber in the same cars as are described in the petition, but the invoices show the lumber to have been sold by "Fackler Lumber Company" and not by the plaintiff, "Mrs. W. B. Fackler," and the bills of lading show both shipments to have been made by "Fackler Lumber Company" and not by the plaintiff, "Mrs. W. B. Fackler."

The defendant denied each and every allegation of the petition, and particularly denied ever having had any business transactions whatever with the plaintiff, Mrs. W. B. Fackler.  The case went to trial on the petition and answer.

On trial of the case, the plaintiff called T. C. Clanton, president of the defendant corporation, and proceeded to cross-examine him as to whether he had ordered and received the lumber described in the two invoices and the two bills of lading. This testimony was objected to by counsel for the defendant on the ground that the invoices and bills of lading show on their faces transactions with "Fackler Lumber Company," while the suit is for lumber alleged to have been sold and shipped by "Mrs. W. B. Fackler," and that the testimony was irrelevant and inadmissible under the pleadings, and further that to admit it would be to enlarge the pleadings. An effort was then made to introduce in evidence the invoices and bills of lading themselves, together with orders from the defendant to "Fackler Lumber Company." The same objection was made as was made to the introduction of the testimony sought to be elicited from T. C. Clanton. All of these objections were sustained by the trial judge, and the testimony and offerings were rejected; counsel in each instance reserving bills of exception.

The testimony of the plaintiff, Mrs. W. B. Fackler, and of Jessee B. Hart was taken by formal deposition. When counsel for plaintiff sought to introduce this evidence on the trial of the case, the defendant objected on practically the same grounds as were urged against the testimony and documents theretofore offered. These objections were sustained, and the depositions were accordingly rejected. In each case counsel for plaintiff reserved bills of exceptions with the right to file formal written bills of exception with the right to attach thereto the documents and testimony rejected. No formal bill of exception has been brought up, and therefore, since the documents attached to the peti-

tion and the depositions of Mrs. Fackler and of Mr. Hart were rejected, it cannot be said that they are properly in the record, even though they are physically attached. This being true, it would not be possible to consider them on this appeal and render any decision based on them, even though we should find that they had been wrongfully rejected. The case was submitted with all the plaintiff's testimony objected to and rejected, and the defendant offered no testimony whatever. The judgment of the lower court rejected the demands of the plaintiff as of non-suit.

The only issue legally before this court is whether the testimony offered by the plaintiff and rejected by the court on the objection of the defendant should have been admitted. If it should, then the judgment should be annulled and the case remanded for trial, and the testimony so rejected should be admitted. On the other hand, if the judge of the lower court ruled correctly, the judgment is proper, and should be affirmed.

Counsel for plaintiff and appellant in his brief argues very ably and earnestly three propositions, and cites authorities in support of each, as follows:

(1) "If there existed any variance between the petition and the invoices and bills of lading, attached to the petition, the attached documents control the allegations of the petition and the provisions of the documents are written into the petition. Abadie v. Berges, 41 La. Ann. 281, 6 So. 529; Johnson v. Gennison, 18 La. Ann. 273; McClellan Dry-Dock Co. v. Farmers' Alliance, 43 La. Ann. 258, 9 So. 630; Brumfield v. Mortee, 15 La. 116; Smith v. Nash, 5 La. Ann. 575; Vincent v. Frelich, 50 La. Ann. 378, 23 So. 373, 69 Am. St. Rep. 436; Lewy v. Wilkinson, 135 La. 105, 64 So. 1003; Hall v. Ewing, 140 La. 907, 74 So. 190.

(2) "But if there be a variance between the petition and the annexed documents, the annexed documents are considered by the court as controlling. Nott v. Brander, 14 La. 368; Powell v. Aiken, 18 La. 321; Matthews v. Williams, 25 La. Ann. 585; Teutonia Nat. Bank v. Wagner, 33 La. Ann. 732; Sladovich v. Glaser, 150 La. 918, 91 So. 297; Ducre v. Milner, 165 La. 433, 115 So. 646.

(3) "However, if there be any variance between the name of the plaintiff in this suit, as shown by the petition, and as shown by the documents attached thereto, it should have been raised by exception in limine litis. In re Great Southern Lumber Co., 132 La. 1000, 62 So. 117; Sanders v. Schilling, 123 La. 1009, 49 So. 689; Hincks v. Converse, 37 La. Ann. 484."

We do not find that any of the authorities cited by appellant sustain her position. In the case of Abadie v. Berges, the plaintiffs sought to take advantage of the right to renew a lease. The lease was attached to the petition, and contained a clause giving the lessee the right to renew under the same terms by giving a three-month notice of his desire to so renew. The petition contained no allegation that the lessee or plaintiff had given the required notice, but it was contended that the attaching of the lease to the petition cured the defect. In ruling otherwise, the court said:

"It was not enough that the contract secured the renewal on the giving of the notice. It was essential, in order that the renewal should take place, that the notice be actually given at the proper time.

"The mere fact of annexing the lease to the petition does not inject into that document an averment which is not in the lease, which, if true, ought to have been specifically set forth in the petition, which was not done.

"This was a fatal omission, as the court is powerless to authorize an amendment which would insert a cause of action when none was previously averred."

The principle that attached documents control the allegations of the petition is so well accepted in the jurisprudence of this state that it needs no argument or authority to support it. But plaintiff is endeavoring to extend the principle too far. She is endeavoring to have the attached documents supply necessary allegations of fact. In the case of Johnson v. Gennison, neither the syllabus nor the opinion of the court states anything supporting the contention of the plaintiff in the present case. The case of McClellan Dry-Dock Co. v. Farmers' Alliance is cited in support of plaintiff's contention that a party to a suit can be fixed by reference to an annexed document. In that case it was a party defendant involved and not a plaintiff. Also the party in question answered without exception, and all the necessary proof was made without objection. The case is not a parallel one. In the case of Brumfield v. Mortee, the plaintiff in his prayer asked for judgment for the wrong amount through error. The court held that the attached notice governed, and that judgment should be rendered for the correct amount. This case cannot justify judgment in favor of the plaintiff when the attached document on which he relies for proof shows on its face that the debt is due to some one other than the plaintiff, and it is not authority for the assumption that the parties are identical under both names. In the case of Smith v. Nash, the question of the effect of an attached document was not involved. In the case of Lewy v. Wilkinson, it was decided squarely that, if suit is brought on a note, and the petition alleges the liability as that of a surety, when it appears from the attached note itself that the liability is that of an indorser and the necessary allegations to enforce the liability of an

indorser are not in the petition, an exception of no cause of action should be sustained. Nothing in this case is applicable to the case at bar. The case of Hall v. Ewing has the following syllabus by the court:

"Under the practice of this state, where the whole case is developed by the petition and the documents attached thereto, the facts as recited or alleged are looked at to judge whether the conclusions of fact, drawn by the pleader are within the scope of the facts recited The court is to say whether the facts charged are a legal foundation for the conclusions of fact drawn therefrom. Following this rule the inferences or interpretations placed upon the exhibits must be drawn from these exhibits or there is no case; this is peculiarly so here (in a case of libel), where the pleader points to the exhibit itself as showing its meaning to be what he says it means. It is perfectly clear that up to this point in the history of the case the exhibits are the case, and if they do not support the charge and do not show a cause of action, then an exception of no cause of action is good."

The only application of this case to the one at bar is this: If the attached document shows on its face that the debt sued on is due to some person other than the plaintiff by name, and there is no allegation to show that the party named in the attached document is identical with the plaintiff under his right name, an exception of no cause of action would be sustained. The case of Nott v. Brander decided nothing applicable to the case at bar. The question was raised, but the court found it unnecessary to decide it. The case of Powell v. Aiken raises no issue that is similar to the one under consideration. In the case of Matthews v. Williams, the plaintiff, Jesse T. Matthews, sued on a note made payable to J. A. Matthews, or bearer. The mistake was corrected by a supplemental petition, but, even though the error had not been corrected, the note was payable to bearer, and plaintiff would have had a right to sue on it as such. All the other cases cited by plaintiff are solely to the effect that, as between an allegation of fact in the body of the petition and an attached document, the document prevails. This principle must be confined to variance in allegations of fact, and cannot be extended so far as to change the parties to the suit. None of the cited cases go so far as to permit a plaintiff to sue in his own name on a contract entered into by him under a trade-name without making the necessary allegation in the petition. In the Great Southern Lumber Co. case cited by counsel for plaintiff, the court held that, even though a party is personally in court by his right name, under an allegation that he had been using a trade-name, an appeal granted to him under his trade-name would have to be dismissed. The case practically holds that suit must be brought in the name of the plaintiff by alleging that he had done business under the trade-name, and that all proceedings in the case must be under his real name. It does not hold that evidence of contracts under the trade-name can be introduced without proper allegation.

Counsel for plaintiff in his brief states:

"Considering the petition and annexed documents it shows that the plaintiff, Mrs. W. B. Fackler, is the real party in interest and that the trade name of Fackler Lumber Company is a fictitious being, having no legal existence."

There is no allegation in the petition or documents attached that would admit of the introduction of evidence to prove this

proposition of counsel. Granting all that plaintiff claims, it is true that the suit was rightly brought in the name of "Mrs. W. B. Fackler," but since, according to counsel's statement dehors the record, she contracted with the defendant under another or trade-name, she must allege that fact before she can be permitted to introduce evidence to that effect.

When a document is attached to the petition, it is always some of the evidence that is expected to be used in the proof of the allegations of the petition. If there is a slight variance between this evidence that is thus exhibited in advance and the allegations of the petition, the attached document governs, but it cannot be successfully contended that inadmissible evidence can be made admissible by attaching it to the petition in advance. In this case, if the documents in question had not been attached to the petition, certainly they could not have been admissible without an allegation in the petition that the plaintiff had done business with the public and with the defendant in particular under the trade-name of "Fackler Lumber Company." If these documents and all testimony sought to be introduced concerning them would have been thus inadmissible, attaching them to the petition could not create the admissibility of the evidence.

The trial judge was right in sustaining the objections of the defendant to all the testimony, and it is therefore rightfully excluded. The judgment of non-suit is correct, and is therefore affirmed, the plaintiff and appellant to pay the costs of both courts.