## GRANITE INSURANCE COMPANY *v.* PRALON et al.

In an action by a corporation, if its existence be put at issue, it must be proved.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Dufour*, for plaintiff. *Schmidt*, for defendants and appellants.

OGDEN, J. *François Pralon* and *Jean Pralon*, are appellants from a judgment rendered against them *in solido*, for the amount of four promissory notes executed by *François Pralon*, made payable to his own order and by him endorsed in blank.

*Jean Pralon* was not cited, and made no appearance in the court below, and on that ground the judgment against him must be reversed. The defence relied on by *François Pralon* is, that the plaintiff failed to establish by legal proof, the existence of such a corporation as the Granite Insurance Company, alleged to have been created by the laws of New York.

A printed copy of the charter, certified by *C. C. Lathrop*, agent, was offered in evidence, and objected to on the ground that it was not properly authenticated. We think the evidence was clearly inadmissible, and ought not to have been received.

This suit is entitled, *Granite Insurance Company* v. *F. Pralon et al.*, and is said, in the petition, to have been brought by *C. C. Lathrop*, as agent of the company. We cannot give him a judgment, because he does not sue as the holder of the notes himself, and the legal existence of the corporation, to whom he alleges the notes belong, having been put at issue, no judgment can be rendered in their favor, without legal proof of their corporate capacity.

It is therefore ordered and adjudged, that the judgment of the court below be reversed; that there be judgment in favor of *Jean Pralon* as in case of nonsuit; and that the case be remanded for a new trial as to *François Pralon*, with directions to the court below not to receive in evidence the printed circular of the company objected to by the defendant; and that the costs of this appeal be paid by the plaintiff and appellee.