No. 7205.

WORKINGMEN'S BANK VS. GEO. T. CONVERSE ET AL.

A private statute should be offered in evidence on the trial of a suit, and cannot be judicially noticed. Affirming Decision in 28 An. 415.

A written act, purporting to be a transfer of all the rights of an association and signed by parties, who therein pretend to be the sole members of such association, will not enable the assignee to stand in judgment, in default of accompanying proof that the assignors were really members and sole members of the said association.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers*, J.

---

*W. S. Benedict* and *Jos. P. Hornor* for Plaintiff and Appellant:

First—On an allegation of ownership, any person or corporation may prove such allegation by any species of evidence not prohibited by law.

Second—On a merger of a *de facto*, into a *de jure* corporation, all rights being transferred, the new company can judicially assert its claims in court.

Third—When, in addition thereto, all the old stockholders approve, ratify and sanction such action, a defendant sued, who cannot be injured, and has no defense, cannot be heard to question such right of transfer.

*Percy Roberts* and *E. E. Moïse* for Defendants and Appellees:

First—That peremptory exceptions must stand or fall according to the facts as alleged in the petition. They cannot be affected by evidence subsequently introduced tending to alter, contradict, or modify the allegations of the petition.

Second—Evidence to show a different source of title from the one declared on, is not admissible.

Third—Evidence is not admissible to prove a ground of action not alleged. 2 N. S. 358; 1 La. 24; 9 L. 107; 4 R. 465; 5 An. 424: 9 An. 119; 14 An. 355; 22 An. 89 and 538.

Fourth—Property owned in common by certain individuals does not become the property of a corporation subsequently formed by those individuals, in the absence of a specific assignment by them in favor of the corporation. 5 Iowa, 366; 8 Pickering, 455.

Fifth—An association of persons not a corporation cannot, as a corporation, convey property or rights which the persons of the association individually own.

---

The opinion of the Court was delivered by

FENNER, J. In the case of Workingmen's Accommodation Bank vs. Geo. T. Converse et al., decided by this Court and reported in 29 An. 369, the then plaintiff, as a corporation, brought suit against the defendants as principal and surety on the bond of a defaulting paying-teller. The

Court there decided that the then plaintiff was not a corporation and could not maintain the suit as such, which was, therefore, dismissed, reserving the rights of the individual members of the association to sue, in their own names, on the bond.

The present plaintiff brings this action, on the same bond, against the same defendants, alleging that it had become the legal proprietor of the rights and claims arising upon said bond, by reason of a certain notarial act passed before Andrew Hero, Jr., notary, on January 13, 1874, and by reason of its own incorporation by a legislative act passed on March 28th, 1874.

By express and proper pleadings the defendants put at issue (1st) the corporate capacity of the plaintiff, and (2d) its right to stand in judgment on the bond sued on.

It became necessary for plaintiff to establish, by affirmative proof, as an essential part of its case, both its corporate capacity, and its right to sue on the bond.

Counsel for defendants, in his oral argument, called our attention to the entire absence of evidence upon these essential points, and demanded the affirmance of the judgment appealed from on that ground.

Neither the plaintiff's charter nor the act before Hero, notary, were offered in evidence.

The charter of plaintiff, although a legislative act, is a private statute, which requires to be offered in evidence in order to have effect in judicial proceedings. Such was the express decision of this Court in the case of Mandère vs. N. O. Savings Institution, 28 An. 415, which is in harmony with sound jurisprudence. 1st Greenleaf on Ev.; Dwarris on Statutes.

There is thus no proof whatever of plaintiff's corporate capacity, which would be sufficient to abate the present action.

There results an equal absence of evidence in support of the allegations of its petition touching its proprietorship of the claim sued on. This last defect was sought to be remedied by the offer of an act purporting to be signed by the members of the original association, after the institution of this suit, maintaining and confirming the right of the present plaintiff to stand in judgment. This act is signed by a number of persons, but is accompanied by no proof to show that the persons signing were really members of the original association, or that they were all of said members, or what proportion of said members they were.

It could, therefore, form no basis for a judgment in favor of plaintiff for the whole or any fixed proportion of the claim asserted by it under the bond.

The judgment appealed from was one of nonsuit, and, for these reasons, it is affirmed at appellant's costs.