No. 1962

Second Circuit Appeal

## DUNLEVY PACKING COMPANY v. J. JUDERMAN

(January 19, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Pleading—Par. 54, 59.**
Article 333 of the Code of Practice takes precedence over Article 336 because Article 333 incorporates an act of the Legislature passed after the adoption of the original code. Therefore, a denial of plaintiff's capacity to sue in answer is insufficient. It should have been pleaded in limine before answer filed.

2. **Louisiana Digest—Judgment—Par. 13.**
Defendant can be protected against danger of a double payment by the wording of the judgment.

3. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial judge on a matter of fact, namely, a question of payment, being clearly correct, is sustained.

Appealed from Thirteenth District Court, State of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

This is a suit on an open account.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed, but plaintiff to pay costs of the appeal.

White, Holoman & White, of Alexandria, attorneys for plaintiff, appellee.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellant.

CARVER, J. Defendant appeals from an adverse judgment in this suit, which is one on an open account filed in April, 1922.

The plaintiff alleged in the first paragraph of its petition that it was a corporation. In his answer defendant denied this paragraph for lack of information and then denied each other material allegation of the petition. By supplemental answer he plead payment.

There is no proof as to whether plaintiff is a corporation or not.

Pohlmeyer, a witness for plaintiff, whose testimony was taken in Pennsylvania under commission, states that Dunlevy Packing Company was succeeded in January, 1922, by Dunley-Franklin Company, without saying how.

In this court defendants' counsel urges that the suit should be dismissed as of non-suit because there is no proof that plaintiff is a corporation and because the proof does show that at the time suit was filed Dunlevy Packing Company had passed out of existence. In the alternative he insists on the plea of payment.

(1)

We do not think the corporate capacity of plaintiff could be challenged in the answer—Under Code of Practice, Art. 333 this could be done only by exception filed in limine.

On this question Article 333 and 336 are in conflict but in Chaffe vs. Ludeling, 34 La. Ann. 966, the court points out that Article 336 stands as it did originally, whereas the present Article 333 incorporates an act of the Legislature passed in 1839 after the adoption of the original Code, and being a later expression of the Legislature will take precedence over Article 336.

We have examined the cases cited by defendant's counsel, viz:

Great Southern Lumber Co., 132 La. 1000, 62 South. 117.

Sanders vs. Schilling, 123 La. 1009, 49 South. 689; and

Hincks vs. Converse, 37 La. Ann. 484;

But find nothing in them conflicting with this view.

In the Great Southern Lumber Company case it was not pretended that "Knoxville Plumbing Company" was a corporation, but on the contrary, Moss judicially admitted that it was only a trade name under which he conducted his individual business

and the court decided that he could not stand in judgment in that name.

The Sanders case was a suit by an alleged partnership, and while the decision is not exactly clear on the question, we understand the exception to its capacity was filed in limine.

In the Hincks case, as well as in the two previous cases involving the same controversy, Workingmen's Bank vs. Geo. T. Converse, 33 La. Ann. 963, and The Workingmen's Accommodation Bank vs. Geo. T. Converse, 29 La. Ann. 369, it is clear that the exception to capacity was filed in limine.

In the Hincks case the District Judge had referred this exception and also another one to the merits.

The Supreme Court declared this irregular, saying that the exception had no connection with the merits and should have been decided in limine.

(2)

We do not think the suit should have been dismissed because of the bare statement of Pohlmeyer that on January 1st, 1922, the Dunlevy Packing Company was succeeded by Dunlevy-Franklin Company. That statement does not necessarily mean that Dunlevy-Franklin Company became the owner of the claim sued on or that Dunlevy Packing Company passed entirely out of existence. It may well be that it retained its corporate existence for purposes of liquidation and also retained ownership of this claim.

But if not defendant can be protected against the danger of a double payment by proper conditions in the judgment, and this course, we think, warranted by the decisions cited in Hennen Digest, Vol. I, Verbo Judgment V (c).

(3)

We have examined the evidence in the record on the question of payment and are satisfied that it does not sustain the plea.

It is decreed that the judgment of the lower court be affirmed but that execution be stayed until plaintiff obtains from Dunlevy-Franklin Company and tenders to defendant a receipt or other proper acquittance for the claim sued on.

It is further decreed that defendant pay the cost of the lower court and the plaintiff those of appeal.