No. 1898
### Second Circuit Appeal

JACK McDONALD ET AL. v. J. WARREN BURNS

(March 30, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Laws—Par. 103.**
Act 161 of 1920, amending Article 3478 of the Civil Code, does not have a retroactive effect, not having run against minors before it took effect in 1920.

2. **Louisiana Digest—Pleading—Par. 54, 72.**
Article 333 of the Code of Practice prevails over Article 336, thus making it necessary to file an exception of want of capacity of plaintiff to sue in limine.

3. **Louisiana Digest—Taxation—Par. 316.**
A tax title abandoned by the tax purchaser for twenty years and only filed for record after suit was brought is only inchoate and subject to redemption.

On appeal from Second Judicial District Court of Louisiana, Parish of Webster, Hon. Robert Roberts, Jr., Judge.

This is a suit to recover title to land. There was judgment for plaintiffs and defendants appealed.

Judgment as to plaintiff, Mrs. Margaret Wallace, reversed on plea of prescription of ten years, sustained.

Judgment as to other plaintiffs affirmed.

Drew & Drew, of Minden, attorneys for plaintiffs, appellees.

Lee & Lindsey, of Minden, attorneys for defendant, appellant.

CARVER, J. The plaintiffs, being four of the eight children, issue of the marriage between W. M. McDonald and his wife,

sue defendant for the recovery of a one-fourth interest in a tract of land, being NE¼ of SE¼ of Section 23 Township 23 North Range 11 West.

They allege that the property was bought during the existence of the marriage between their father and their mother and that their father sold it after their mother's death.

The defendant, in this court, argues that the suit, as to Wash McDonald, should be dismissed because the petition alleges that he is an emancipated minor and that although the allegations of the petition were denied in defendant's answer he failed to prove that he was emancipated.

We think defendant could not challenge plaintiff's capacity to sue in this manner but that it had to be done *in limine.*

Articles 333 and 336 of the Code of Practice read as follows:

"333. Must be specially pleaded before issue joined or default. It is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompentency of the judge before whom the suit is brought, that they must be pleaded specially *in limine litis,* before issue joined, otherwise they shall not be admitted."

"Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded *in limine litis*: nor shall such exceptions hereafter be allowed in any answer in any cause."

"336. Time of plea of declinatory exception. Declinatory exceptions may be pleaded in the defendant's answer, previous to his answering to the merits; but, except as relates to the declinatory exceptions, the defendant must plead in his answer all dilatory or peremptory exceptions on which he intends to rely, or which he is bound to plead expressly and specially pursuant to the provisions of this Code."

In the case of Chaffe vs. Ludeling, 34 La. Ann. 966, the conflict between these two articles was discussed by the Supreme Court and it was held, for reasons given therein, that Article 333 must prevail over Article 336.

Judgment by default was taken in this case on September 28, 1922, and the answer was not filed until October 6, 1922.

On the merits, defendant pleads that he bought the property in good faith and by just title and has had actual possession for over ten years and pleads the prescription of ten years *acquirienda causa.*

He further pleads an outstanding title, to wit; a tax sale to the Bodcaw Lumber Co. in the year 1899 for the taxes of 1898.

In this court, besides the defenses thus pleaded, he urges that plaintiffs having introduced in evidence the deed from their father to Holland and the deed from Holland to Mrs. Smith and the deed from Mrs. Smith to the defendant without restriction, are bound by same, such introduction constituting he says, an admission of the validity of the title conveyed in these deeds.

On this question he cites no authority and his reasoning does not appeal to us as sound. The deeds merely show that the respective vendors did sell the land; they do not and cannot prove that they had a right to sell it.

Defendant also urges that inasmuch as plaintiff introduced by reference a patent from the United States to the entryman Carruth and as the Clerk of the District Court certifies that no patent to the land has ever been filed in his office, this shows an outstanding title in the United States of which defendant can avail himself and being better than plaintiff's title is sufficient to defeat their action.

If this were really an outstanding title, it is doubtful that defendant could plead either it or the tax sale to defeat plaintiffs' action, because to do so would be an attack on his own title as well as that of plaintiffs. In a sense they have a common author—both claiming under a pur-

chase made by W. M. McDonald. Besides this, though, we do not think the situation does show an outstanding title in the Government. The extract from the Government entry book introduced in evidence shows that the land was purchased from the United States on January 2, 1860, a Receiver's certificate being issued to the purchaser. This would be sufficient to make Carruth the owner even if no patent had ever been issued unless the entry, by subsequent proceedings, had been cancelled. As a matter of fact though the extract from the Government entry book shows that a patent was issued and its date, and the volume and page where recorded in the Land Office are given. The certificate of the Clerk of the District Court merely shows that this patent was not recorded in his office, but registry is not necessary as to government patents.

The defendant correctly argues that a defendant in a petitory action can defeat plaintiff's suit by showing a better title in some one else, but for this principle to be applicable the title so plead must be a valid, subsisting title.

2 Hennen, page 1115.

We do not think the tax title in favor of Bodcaw Lumber Company is such a title. It has evidently been abandoned the tax purchaser having permitted the former owner and his successors in title to remain in possession for over twenty years.

Again, it was not filed for record until nearly a month after this suit was brought and therefore was only inchoate and subject to redemption.

State ex rel. vs. Ross, 144 La. 898, 81 South. 386.

Gonzales vs. Saux, 119 La. 662, 44 South. 332.

Moore vs. Boagni, 111 La. 490, 35 So. 716.

Besides, the tax sale was void because made under an assessment to W. F. Mc-Donald when W. M. McDonald was the owner.

The real defense in the case is the prescription of ten years.

Defendant bought the property on October 4, 1911.

He testifies that he took possession on November 15, 1911, and has had possession ever since. There is nothing to impugn his good faith.

Service of citation was made in this case on September 11, 1922.

Having enjoyed possession in good faith for more than ten years and the deed being a just title, his plea of prescription would be good unless interrupted or suspended. The plaintiffs claim that it was suspended during their minority and was also interrupted in April, 1922, by defendant having acknowledged their title.

As we appreciate the evidence, though, we do not think that his offer to buy their claim was such an acknowledgment of their title as to operate an interruption of prescription. It was rather an offer to compromise their claims without acknowledging their validity and mainly in order to enable him to lease the lands to an oil company.

The testimony of one of the plaintiffs shows the dates of their birth to have been as follows:

Mrs. Margaret Wallace, born May 20, 1891. Mrs. Lucinda Adams, born February 20, 1895. Jack McDonald, born June 20, 1898. Wash McDonald, born January 12, 1902.

Their ages on September 11, 1922, the date service of citation was made, was, therefore, as follows:

Mrs. Wallace, 31 years 3 months 22 days. Mrs. Adams, 27 years 6 months 22 days. Jack McDonald, 24 years 2 months 22 days. Wash McDonald, 20 years 7 months 26 days.

More than ten years having elapsed between the time Mrs. Wallace became of age and the time that citation was served, we think that, as against her, the plea of prescription must be sustained. As to the other three, it is clear that it cannot be sustained unless Act 161 of 1920 amending Article 3478 of the Civil Code is given a retroactive effect, and interpreted to mean not only that prescription shall run against minors after the time at which the Act is to take effect but that it shall be construed as having run against minors before that time.

The Act is not clear and we shall not undertake to state precisely what we think it does mean. It seems clear to us, though, that it does not mean that the prescription of ten years shall be regarded as having run against minors previous to. the time the Act becomes effective. The language is "this prescription shall run", etc. This clearly looks to the future. The suggestion that the operation of the Act was postponed for seventeen months after its passage indicates legislative intent that the Act should be retroactive is quite persuasive but cannot, in our opinion, overcome the clear language of the law that prescription shall run, which clearly relates only to the future.

The principle that the legislature has authority to change the laws of prescription, provided a reasonable time is allowed claimants to assert their rights, is sound and we do not question the right of the legislature to make the change which we think it did do by this Act; but, as said above, we do not think that when it declared that the prescription of ten years shall run, etc., it meant that it shall be regarded as having already run.

It is decreed that the judgment of the lower court be reversed as to Mrs. Margaret Wallace and the plea of prescription sustained as to her.

It is further decreed that, as to the other plaintiffs, the judgment of the lower court be affirmed.