No. 3348

Second Circuit

GILLON ET AL. v. MILLER

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)

J. Rush Wimberly and George M. Wallace, of Arcadia, attorneys for plaintiffs, appellants.

Stewart & Stewart, of Minden, attorneys for defendant, appellee.

WEBB, J. Plaintiffs, Ed. B. Gillon and A. B. Rogers & Co., Inc., cotton brokers at Ringgold, Louisiana, sold cotton to J. L. Dupuy and W. H. Gates, buyers, at Minden, Louisiana, and drew drafts on the Bank of Minden for the purchase price, and the drafts, together with bills of lading for the cotton attached, were delivered by the drawers to the Bank of Ringgold, of Ringgold, Louisiana, which sent them, with the bills of lading attached, to its correspondent, the First National Bank of Shreveport, at Shreveport, Louisiana, by which the drafts, with the bills of lading attached, were sent to the Bank of Minden. The drawees were unable to pay the drafts on presentation and the Bank of Minden, for some reason, held the drafts for some time before protesting them for non-payment and returning them to the First National Bank of Shreveport. There was a decline in the market price of cotton during the time the drafts were being transmitted to and held by the Bank of Minden, and on their being returned to the First National Bank of Shreveport, W. B. Jacobs, a representative of that bank, and O. G. Thomas, the president of the Bank of Ringgold, called on the Bank of Minden, at which time some negotiations were had, and R. H. Miller, the cashier of the Bank of Minden, gave to O. G. Thomas a check for the sum of $1239, drawn on the Bank of Minden, payable to the order of the Bank of Ringgold, which was subsequently endorsed by the Bank of Ringgold "Pay to the order of E. B. Gillon and A. B. Rogers & Co., Inc., without recourse," and transferred to the plaintiffs, who brought the present suit against Miller on the check.

Plaintiffs alleged that they had acquired the check for a valuable consideration and in due course; that on presentation of the check payment was refused; and they prayed for judgment for the amount of the check, with legal interest from October 22, 1926, and all costs.

Defendant filed an exception of no cause of action, which was referred to the merits, and an exception of misjoinder, which was overruled, and defendant then, reserving his rights under the exceptions, answered, denying that A. B. Rogers & Co., Inc., was a corporation, and alleged that he had become indebted to the Bank of Ringgold some time prior to the date of the check, October 22, 1926, and that a method of settlement was agreed upon between him and the Bank of Ringgold under which his indebtedness should have been $414.85, but that due to error in calculation the check was drawn for $1239, instead of the correct sum due; that after notifying O. G. Thomas, the president of the Bank of Ringgold, of the error, he stopped payment on the check; and that plaintiffs were advised of the claim that the amount of the check was erroneous and that payment had been stopped on the check at the time it was endorsed and transferred to them.

Defendant prayed that plaintiffs' demands be rejected and on trial judgment having been rendered rejecting their demand as in case of non-suit, plaintiffs have appealed.

The evidence conclusively established that plaintiffs were fully aware of the circumstances under which the check had been given by defendant to the Bank of Ringgold and that he had stopped payment

on the check on the claim that the amount of the check was erroneous; and we do not understand that it is contended that the defense set up was not available against the plaintiffs, but, as we gather from the brief of appellants, it is contended that the defense was not established, and, if so, that the evidence only established a partial want of consideration and that plaintiffs should have had judgment for the amount of $414.85, with interest as demanded; while appellee contends that in any event plaintiffs' demand should have been dismissed as there was not any proof that A. B. Rogers & Co., Inc., was a corporation, and for the further reason that there was not any evidence showing any community of interest between the plaintiffs in the note.

Considering the defense that the evidence failed to establish that A. B. Rogers & Co., Inc., was a corporation, it is apparent that such a defense is based upon a want of capacity in A. B. Rogers & Co., Inc., to stand in judgment, and as such defense must be specially pleaded in limine (Art. 333, C. P.; Gaulden v. Kansas City Southern Ry. Co., 106 La. 409, 30 So. 889; Dunlevy Packing Co. v. Juderman, 1 La. App. 476), and as defendant failed to raise the issue in limine the corporate existence of A. B. Rogers & Co., Inc., and its capacity to stand in judgment was admitted; and unless it may be said that E. B. Gillon and A. B. Rogers & Co., Inc., could not join as co-plaintiffs in an action on the check, which was endorsed and transferred to them, there is not any reason why they should not have judgment for the amount shown to be due.

It is not suggested that a judgment rendered jointly in plaintiffs' favor against defendant would not be res adjudicata, or that such a judgment would not be in accord with the pleadings; but aside from that we are of the opinion that the check having been endorsed by the payee and transferred to plaintiffs they were properly joined' as plaintiffs in the action to enforce collection (Cross on Pleading, p. 17, sec. 18; Alling v. Woodruff, 16 La. Ann. 6).

Considering the merits, while, as indicated above, the answer of defendant was vague, in that it was not alleged what was the source of the obligation, defendant, however, alleged that he became indebted to the Bank of Ringgold, and the parties proceeded to trial apparently on the theory that the plea of defendant was that there was a partial want of consideration for the check, in support of which theory Miller, the defendant, stated that the agreement was that he would pay the Bank of Ringgold the difference between the market value of the cotton on the date the drafts were delivered to and the date the drafts were returned by the Bank of Minden; and while O. G. Thomas, the other party to the agreement, admitted that the amount of the check was the difference between the invoice price of the cotton and its market price on the date the drafts were returned by the Bank of Minden, he denied that there was any agreement that Miller would pay the difference between the market price of the cotton on the date the drafts were delivered to and the date they were returned by the Bank of Minden, and he stated that it was agreed that Miller would pay the protest fees of $14 which was included in the amount of the check.

There was not any evidence introduced to show the details of the agreement between the parties, O. G. Thomas, W. B. Jacobs and R. H. Miller, or what claim they were attempting to settle; but, con-

sidering the statement of facts hereinabove stated we assume that the Bank of Ringgold claimed that the Bank of Minden, having failed to promptly return the drafts, was liable to it for the amount of the drafts (Negotiable Instrument Law, Act No. 64 of 1904, sec. 137; First National Bank v. Citizens Bank, 163 La. 919, 113 So. 147); and Miller having alleged that he became indebted to the Bank of Ringgold, we assume that the negotiations between the parties, Thomas, Jacobs and Miller, was with reference to a settlement of the liability of the Bank of Minden assumed by Miller; and considering the evidence relative to the alleged error from that point of view, the burden of proof was on defendant to establish error. The preponderance of the evidence does not establish that there was an agreement that defendant would pay only the difference between the market price of the cotton on the date the drafts were delivered to and the date they were returned by the Bank of Minden, and the evidence showing that the parties did agree that the protest fees of $14 should be paid by Miller, which amount was added to the amount represented by the difference between the invoice price and the market price of the cotton on the date that the drafts were returned by the Bank of Minden, plaintiffs should have judgment for the amount of the check, with interest.

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiffs, E. B. Gillon and A. B. Rogers & Co., Inc., have and recover judgment against defendant, R. H. Miller, in the sum of $1239, with legal interest thereon from October 22, 1926, until paid, and all costs of suit.

DREW, J., recused.