MERCANTILE LEAF TOBACCO CO. v. GARCIA-QUARTARARO CO., INC., ET AL.

(May 25, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)

J. J. Cullinane, of New Orleans, attorney for plaintiff, appellee.

Woodville & Woodville, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Plaintiff in the original petition was the Mercantile Leaf Tobacco Company, which styled itself as a corporation organized under the laws of the state of Illinois.

Defendants are Garcia-Quartararo Co., Inc., and M. Quartararo.

By supplemental petition Fred E. Hummel sought to make himself plaintiff as liquidator of the said corporation.

The suit is based on twelve promissory notes, being the last twelve of a series

consisting originally of twenty. The first six of the twelve notes sued cn' are payable to Mercantile Leaf Tobacco Company and bear no endorsement transferring ownership. The last six are payable to J. M. Falk and bear a rather peculiar endorsement reading "J. M. Falk to Mercantile Leaf Tobacco Company." Just what this endorsement means would be rather doubtful were it not for the apparent concession that it was intended by Falk to endorse the notes to and make them payable to the Mercantile Leaf Tobacco Company.

Defendants contend that neither the Mercantile Leaf Tobacco Company nor Fred E. Hummel, as liquidator thereof, is entitled to a judgment for the reason that the evidence fails to show either the original organization and existence of the corporation or the proper authority of Hummel as liquidator thereof.

Defendants also present other contentions with reference to the merits of the controversy which, because of our views on the preliminary question, we find it unnecessary to consider.

As to the proof of the original existence of the corporation we find the record remarkably barren except for certain oral testimony taken by deposition and to which numerous objections were made when the depositions were offered in evidence.

While it is true that the objections are to some extent ambiguous, their purpose seems to have been to challenge the sufficiency of the proof offered to show the original existence of the corporation and to prove the authority of the liquidator.

The existence of a foreign corporation cannot be presumed and in the face of attack must be established by legal proof. In a suit by a foreign corporation on notes our Supreme Court has held that if the existence of a plaintiff corporation is questioned, proof thereof must be tendered and that if objection to the form of proof is offered, the charter must be properly authenticated. Granite Insurance Co. v. Praion, 10 La. Ann. 22.

Nor does the record contain proper proof of the dissolution of the corporation nor of the election of the liquidator thereof, nor of his authority to sue for the collection of the notes in question.

A liquidator of a corporation, if his authority is called in question, must make due proof of his authority and the mere fact that he is in possession of a note payable to a corporation does not, of itself, show his authority to sue thereon. The note, though negotiable in form, had not been negotiated.

The court below rendered judgment in plaintiff's favor on the notes.

We are of the opinion that plaintiff has failed to offer sufficient proof and that, therefore, although the judgment in its favor should be reversed, nevertheless, a definitive judgment dismissing the suit should not be rendered.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendants and against plaintiff dismissing its suit as in case of non-suit.