No. 4137

Second Circuit

(Second Division)

EQUIPMENT FINANCE CORPORATION v. ATKINS

(March 16, 1932. Opinion and Decree.)

Argued before DREW, STEPHENS and TALIAFERRO, JJ.

Wm. C. Boone, of Homer, and Goff & Goff, of Arcadia, attorneys for plaintiff, appellee.

Wm. F. .M. Meadors, of Homer, attorney for defendant, appellant.

TALIAFERRO, J.  This suit was brought by plaintiff to recover judgment against defendant for $1903.30 with interest and attorney's fees and to foreclose via ordinaria a chattel mortgage against some movable property mortgaged by defendant to secure the debt, evidenced by his seventeen promissory notes.  The notes were originally in favor of Fisher Machine Works Corporation of Kansas City, Mo., and were by that company endorsed over to another company and by it to plaintiff.

Plaintiff alleges that it is a corporation, legally organized under the laws of the state of Illinois, and that it acquired said notes for value, before maturity.

. Defendant's answer begins with a general denial to each and every allegation of plaintiff's petition except such as may be admitted. He admits execution of the notes sued on and the giving of the mortgage to secure same. He denies that the endorsement of the Fisher Machine Works Corporation on said notes is genuine and denies the authority of the person who endorsed said notes for that company. He also denies the genuineness of the endorsement of the Commercial Investment Trust, Inc. (plaintiff's assignor), on said notes and the authority of the person endorsing for that company.

The case was tried upon the issues thus tendered and plaintiff was given judgment as prayed for. Defendant appealed.

In brief, defendant submits that the questions for the court to decide are whether the plaintiff, by legal proof, has established:

(a) That plaintiff is a corporation as alleged.

(b) That the endorsement of the Fisher Machine Works Corporation on the notes is genuine and that the person endorsing for that company had authority to do so.

(c) That the endorsement of the Commercial Investment Trust, Inc., is genuine and that the person endorsing for it had authority to do so.

Defendant is without interest to challenge plaintiff's ownership of, or his right to sue on the notes in question unless an effort is attempted by fictitious endorsement or assignment to deprive him of some substantial ground of defense against the original or true owner thereof. He makes no such charges.

This principle has been repeatedly affirmed by our Supreme Court.

Spears v. Spears, 27 Ann. 642.
Case v. Watson, 21 Ann. 731.
Ran v. Lathan, 11 Ann. 276.
Richard v. Harrison, 19 Ann. 181.
Quick v. Little John, 156 La. 369, 100 So. 531.

The Legislature has recognized this principle in Sec. 51 of Act No. 64 of 1904:

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

"Every holder is deemed prima facie to be a holder in due course." Id., sec. 59.

If the maker of a note has a legal or equitable defense against it he cannot be shut off from the exercise of that defense by a fictitious assignment of the note to some third person interposed for the purpose of defeating the right. Under such circumstances he has the right to question the title of the one suing on the note in order that he may protect his own rights.

It is not contended by defendant in brief that plaintiff is not the bona fide owner of these notes. He contents himself with challenging the genuineness of the two endorsements on them and the authority of the officers acting for the endorsers. This defense cannot avail him. It is not necessary to effect a transfer of a note that it should be endorsed by the payee. Title may pass from one person to another without written evidence. This was held in the case of Maddox v. Robbert, 165 La. 694, 115 So. 905, 906:

"A note payable to order may be transferred without endorsement, and the transfer may be proved by parol testimony."

Also in Achee v. Williams, 6 La. App. 316.

Plaintiff took the depositions of officers of the Fisher Machine Works Corporation and of the Commercial Investment Trust, Inc., under commissions for the purpose of establishing the genuineness of the endorsements on said notes. Admissibility of this testimony was objected to by defendant on the ground that it was not the best evidence of the authority of the persons making the endorsements for the companies. The objection was overruled and the depositions admitted in evidence. The ruling was obviously correct. Whatever else may be said of the testimony of those officers, it certainly establishes a transfer of the notes by the Fisher Machine Works Corporation to Commercial Investment Trust, Inc., and transfer by that company to plaintiff for value and before maturity and under the decision in Maddox v. Robbert, supra, this is sufficient, even though the endorsements on the notes be ignored.

Defendant's effort to inject the issue of lack of proof of plaintiff's corporate existence is abortive. Exceptions directed against the corporate capacity of a plaintiff are dilatory in their nature and should be filed in limine litis. Judgment by default was taken herein on March 2, 1921, which cut off the filing of such exceptions. C. P., art. 333.

The effort to raise the issue by general denial in answer filed thereafter was ineffective. This doctrine is recognized in the following cases:

Jack McDonald et al. v. J. Warren Burns, 2 La. App. 1; Dunlevy Packing Co. v. J. Juderman, 1 La. App. 476.

For the reasons herein assigned the judgment of the lower court is affirmed.