## GUARANTY DISCOUNT & COLLECTION CO., Inc., v. McCLURE.
### No. 16545.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

J. Rosenberg, of New Orleans, for appellant.

Maurice B. Gatlin, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, alleging itself to be a domestic corporation doing business in the city of New Orleans, brought this suit, as assignee of Hurwitz-Mintz Furniture Company, against the defendant, James McClure, on an open account for goods sold and delivered, in the sum of $138.44.

The defendant appeared and excepted to the capacity of the plaintiff to bring the suit and to stand in judgment on the ground that it is not a legal corporation and had no actual existence. Reserving the benefit of the exception, in the event it was overruled, and in compliance with the law respecting procedure in the city court of New Orleans, defendant answered denying any indebtedness to the plaintiff and setting forth certain special defenses.

The exception was overruled by the trial court and it, after hearing the case on its merits, dismissed the plaintiff's demand as of nonsuit. A new trial was refused, and the plaintiff has appealed from the adverse judgment.

Counsel for defendant-appellee urges here that the exception to the capacity of the plaintiff to sue and stand in judgment should have been sustained by the trial judge, inasmuch as plaintiff did not offer any evidence to prove its corporate existence after the question had been put at issue by the exception.

It is well settled that the defendant had the right to attack the legal existence of the plaintiff corporation, provided that this question was put at issue in limine, under article 333 of the Code of Practice. This point having been properly raised, it was then incumbent upon the plaintiff to make proper proof of its corporate existence. This it has failed to do. The Supreme Court has held, in Granite Insurance Company v. Pralon et al., 10 La.Ann. 22, that "in an action by a corporation, if its existence be put at issue, it must be proved." To the same effect is the case of Mercantile Leaf Tobacco Company v. Garcia-Quartararo Company, Inc., et al., 17 La. App. 203, 134 So. 764, decided by this court. It is otherwise where the exception has not been filed in limine. See Dunlevy Packing Company v. Juderman, 1 La.App. 476, and Gillon v. Miller, 15 La.App. 168, 130 So. 672.

The exception to the corporate capacity of the plaintiff should have been sustained by the trial judge, and, in finding that he erred in this respect, it is therefore unnecessary for us to consider the case on its merits. However, the judgment nonsuiting plaintiff's claim is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.