PER CURIAM.
This suit, and the suit of Commercial Union Fire Insurance Co. and George LeBlanc versus the same defendants were consolidated for trial, as they both arose out of the same collision. Answers were filed by defendants to both suits alleging that the accident was caused by the driver of plaintiffs’ truck and, in the alternative, alleging contributory negligence. After the note of evidence was taken, the defendants filed exceptions as to the procedural capacity of plaintiffs in that the plaintiffs Leslie LeBlanc and George Le-Blanc filed their respective suits individually, each on an individual cause of action, whereas their testimony reveals that they were doing business as a partnership at the time of the accident and that consequently the suit should have been filed on behalf of the partnership.
The above mentioned exception was sustained by the lower Court, however, on appeal to this Court, we reversed the judgment and remanded the case to the lower Court for trial on the merits. Defendants have now applied for a rehearing on the grounds that our decision was erroneous and contrary to the law.
In our opinion, on appeal, we stated:
“It is our conclusion that the preponderance of the evidence is to the effect that George LeBlanc and Leslie LeBlanc never intended to form a partnership ; at least, the defendants have failed to sustain the 'burden of proving that a partnership was formed between the two LeBlancs by the agreement herein discussed.”
Defendants contend that the burden of proving the nonexistence of a partnership was on the plaintiffs, and not on' the defendants to prove the existence of the partnership. In support of this contention they cite Guaranty Discount & Collection Company v. McClure, La.App., 172 So. 564, and Community Chest of Caddo & Bossier Parishes v. Union Mission Ass’n, La.App., 30 So.2d 131.
In Guaranty Discount & Collection Co. v. McClure, supra, the Court said:
“It is well settled that the defendant had the right to attack the legal existence of the plaintiff corporation, provided that this question was put at issue in limine, under article 333 of the Code of Practice. This point having been properly raised, it was then incumbent upon the plaintiff to make proper proof of its corporate existence. This it has failed to do. * * * ‘in an action by a corporation, if its existence be put at issue, it must be proved.’ * * * It is otherwise where the exception has not been filed in limine. See Dunlevy Packing Company v. Juderman, 1 La.App. 476, and Gillon v. Miller, 15 La.App. 168, 130 So. 672.”
On the basis of Article 333 of the Louisiana Code of Practice and the cases above cited, it is clear that the failure of defendants to raise the exception to procedural capacity of petitioners in limine litis was an admission of said capacity. Such exception cannot be raised for the first time after answer has been filed.
 Furthermore, the suits by plaintiffs were brought in their individual capacities. In their petitions, no mention whatsoever was made of any partnership existing between petitioners. The defendants raised the question of a partnership between petitioners and attempt to cast the burden upon petitioners of proving that no partnership existed. The burden of proving the existence of a fact is upon the party alleging such fact, so under the situation before us, had the exception been timely taken, the burden of proof would have rested upon the defendant.
For the reasons assigned the application for a rehearing is denied.