JANVIER, Judge.
The Post Office Employees Credit Union, organized under the provisions of Act 40 of 1924, LSA-R.S. 6:641 et seq., brought this suit against Mr. and Mrs. Joseph V. Frosina, alleging that the said defendants were indebted to plaintiff in the sum of $1,-023, with interest at twelve per cent from August 27th, 1952, and attorney’s fees at twenty per cent on the total amount.
*214 It was alleged that Frosina executed a note for $1,023 in favor of plaintiff and that Mrs. Frosina signed the note as comaker ; that the note was secured by chattel mortgage on a Ford Tudor automobile; that no payments had been made on the note and that the entire amount thereof was due by reason of an acceleration clause, and that in spite of amicable demand no payment had been made.
It was also alleged that it was within the power of the defendants to part with or dispose of the automobile and that plaintiff was entitled to a writ of sequestration to protect its rights.
Joseph Frosina answered, denying all of the allegations of the petition and averring that he had filed voluntary bankruptcy proceedings and that these proceedings prevented any action being prosecuted against him. Mrs. Frosina made no answer and a preliminary default was entered against her.
On February 9, 1953, the matter came up for trial on the merits as against Joseph Frosina and for confirmation of default as against Mrs. Frosina. There was introduced an order of the United States Referee in Bankruptcy showing that the Trustee in Bankruptcy of Frosina disclaimed any interest in the automobile in question and this order authorized the Trustee to disclaim and abandon all right, title and interest in and to the said automobile.
Due proof was made of the indebtedness and judgment was rendered against both defendants in solido for $1,023, with interest at twelve per cent from August 20, 1951, together with attorney’s fee at twenty-five per cent on the total amount due. However, it was provided in the judgment that insofar as it ran against Frosina, recovery should be limited to the proceeds of the sale of the automobile. The judgment also recognized the chattel mortgage and maintained the writ of sequestration.
The automobile was duly sold and, the proceeds having been applied to the indebtedness, there remained an unpaid balance of $662.05. Accordingly plaintiff, in an effort to satisfy the deficiency judgment against Mrs. Frosina, provoked the issuance of an alias writ of fieri facias and, under it, seized certain separate property of Mrs. Frosina. Then, for the first time, Mrs. Frosina appeared and, through counsel, moved to dissolve the seizure. There was judgment refusing the dissolution of the seizure. Mrs. Frosina then appealed devolutively.
In her petition for appeal she limits her complaint to the contention that “she is aggrieved by the judgment for attorney’s fees rendered against her.” And in her prayer for the appeal she prays only that she be permitted to appeal “from the judgment for attorney’s fees”. There was no. reference to attorney’s fees in the judgment refusing the dissolution of the alias, writ of fieri facias. The attorney’s fees were referred to only in the judgment of February 9, 1953, and we therefore conclude that the appeal of Mrs. Frosina is from that earlier judgment.
In this Court counsel for appellant did' not see fit to appear and argue the matter orally, but on behalf of appellant submitted a brief. Although, as already stated, Mrs. Frosina in her appeal limited her complaint to the contention that the judgment was erroneous only insofar as it awarded plaintiff attorney’s fees, counsel for plaintiff, in his oral argument, discussed at length the several other contentions raised in the brief which was filed by counsel for Mrs. Fro-sina. On reading the brief of counsel for appellant we experience some difficulty in understanding just what those complaints of appellant are, but conclude that it is contended that the judgment should be reversed for either of two reasons: (1) That the plaintiff offered no proof of its corporate existence, and (2) That plaintiff offered no proof that appellant is a member of the plaintiff credit union.
The contention that the plaintiff did not prove its own legal existence, like the other contention of appellant, is not well founded.
*215 In Equipment Finance Corp. v. Atkins, 19 La.App. 834, 139 So. 154, the Court of Appeal for the Second Circuit held that an exception directed against the corporate capacity of a plaintiff corporation is dilatory and must be pleaded in limine and that the right to make such a plea is lost by a confirmation of default. See, also, Code of Practice, Art. 333; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Central Surety & Ins. Corp. v. Canulette Shipbuilding Co., La.App., 195 So. 114; Guaranty Discount & Collection Co. v. McClure, La.App., 172 So. 564; Dunlevy Packing Co. v. Juderman, 1 La.App. 476; and Gillon v. Miller, 15 La.App. 168, 130 So. 672.
Nor is there any merit in the contention that the plaintiff did not prove that Mrs. Frosina is a member of the plaintiff credit union. It is true that the statute under which this and other credit unions are organized, Act 40 of 1924, R.S. 6:641, et seq., does provide that: “A loan to a nonmember is a violation of this Chapter.” The statute in other sections provides that the “commissioner” meaning the State Bank Commissioner, shall have supervision of the operations of such credit unions, and it provides in Section 646 that “if the credit union violates any of the provisions of this Chapter, the commissioner may revoke the certificate of approval * * *, ” and may take possession of the business of the credit union. And it is also provided in the same section that if it appears to the commissioner that a credit union “has violated any of the provisions of this Chapter, * * * ” he may, after a hearing, “direct the credit union to discontinue its illegal methods and practices'.”
We have no hesitation in declaring that if such a credit union makes a loan, to -a non-member, the non-member may not set up as a defense the provision that such a union should loan only to members. The remedy of the members would be to require the commissioner to take such action as might seem to him appropriate.
In Fix-It-Shop v. Roy, La.App., 68 So.2d 332, we discussed the effect on a contract of the violation of a prohibitory law and we held that if the violation involves moral turpitude or some act which is contra bonos mores, the entire transaction is stricken with nullity, but that otherwise the violator of the prohibitory law may be penalized but may nevertheless enforce the contract against the other party. Such is the situation here. The loan of money to a nonmember, if Mrs. Frosina was a non-member, was not contra bonos mores; it was merely the violation of a law which provides a penalty against the violator but does not provide that the contract should be nullified.
We therefore think it unimportant that the plaintiff offered no proof that Mrs. Fro-sina is a member of the plaintiff union.
We find that there were clerical errors in .the judgment in that it awarded interest from August 20, 1951, although the prayer was for interest only from August 22, 1952, and that there was also a clerical error in that the judgment awarded attorney’s fees at twenty-five per cent, whereas the prayer asks for attorney’s fees at only twenty per cent and the note itself stipulates for attorney’s fees at only twenty per cent.
Accordingly, the judgment should be amended by the reduction of the rate of attorney’s fees from twenty-five to twenty per cent.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by the reduction of the rate of attorney’s fees from twenty-five per cent to twenty per cent and that in all other respects the judgment be and it is affirmed at the cost of appellant.
Amended and affirmed.