GLADNEY, Judge.
The plaintiff, J. R. White, Jr., brought this suit attacking the validity of a local option election held December 18, 1956 in Ward One of Morehouse Parish, Louisiana. Made defendants are the Morehouse Parish Police Jury and Sheriff E. L. Hinton, against whom injunctive relief was sought to prevent enforcement of Ordinance No. 818 of the Morehouse Parish Police Jury prohibiting within the said ward sale of beverages of high alcoholic content. Exceptions of no cause or no right of action were filed by each of said defendants and ruled upon by the trial court. Following trial on the merits, judgment was rendered rejecting plaintiff’s demands, from which orders of appeal were taken to this court.
Upon consideration of the pleadings and evidence submitted to him, the judge a quo held: (1) that any elector qualified to vote in a local option election is expressly authorized by Section 590 of the local option statute, LSA-R.S. 26:581-26:595, to sue for the purpose of having the election declared illegal and ineffective; (2) a court is without authority to enforce injunctive proceedings to restrain a sheriff and his deputies from enforcing a criminal ordinance; (3) where a petition calling for a local option election, after legal withdrawal of the names of twenty-three petitioners, contains less than twenty-five per cent of the qualified electors residing in the ward, as required by LSA-R.S. 26:582, such petition fails to substantially comply with the law; and (4) when the capacity of the plaintiff to institute this action was expressly denied in the answer, it was incumbent upon plaintiff to present affirmative evidence that he was an elector qualified to vote in .said election, and upon his failure to adduce such proof his suit would be dismissed.
No serious contention is made as to, and indeed, all parties herein concede, the correctness of the court holdings enumerated (1), (2) and (3). However, appellant assigns error to the court’s finding that proof of plaintiff’s capacity as an elector was insufficient and, therefore, justified dismissal of his suit. We, therefore, direct our attention to a consideration of this, the only serious issue presented on the appeal.
The petition alleges that petitioner was on December 18, 1956, the date of the election, a qualified elector and registered voter in Ward One of Morehouse Parish, Louisiana. Prior to filing its answer, counsel in behalf of Morehouse Parish Police Jury filed an exception styled “exception of no cause or right of action.” This pleading moved the dismissal of plaintiff’s suit on the ground that he was without capacity to sue exceptor for reasons stated to be: (1) that any elector qualified to vote in the elec *358 tion was privileged under LSA-R.S. 26:591 to demand a recount of ballots or to contest the election in the same manner as provided by law for the recount of ballots or contest of elections under the general and special laws of this state. The exception then recites the method of procedure under our general election statute and particularly LSA-R.S. 18:1251. Under this section of the statute, in order to attack an election the party contesting the ward election is required to hie with the court a petition signed by at least ten voters, residents of the ward; and (2) exceptor also contended the action should be tried in all respects as ordinary suits and such suits are entitled to trial by preference, all in accordance with LSA-R.S. 18:1251. Reference herein is made to the exception not for the purpose of giving consideration to the ruling thereon by the trial judge, which admittedly is correct and not in dispute, but to disclose the exception does not charge plaintiff is not an elector of the ward as so alleged in his petition. The exception simply urges as a point of law' this action should have been commenced by ten electors as prescribed by the general election statute.
Being urged as an exception of no cause or right of action it necessarily admits all questions of fact well pleaded in the petition and especially that plaintiff was at the time of the ward election an elector entitled to vote in the election. For the purpose of this suit such capacity was thereby admitted. The exception of capacity is dilatory in character and must be pleaded in limine. Otherwise, the same is cut off by default or pleading to the merit. Articles 330, 331, 332 and 333 of the Code of Practice. The last mentioned article provides that in every case dilatory exceptions must be pleaded in limine litis, otherwise they shall not be admitted, "nor shall such exception-s hereafter be allowed in any anszver in any causeForasmuch as the exception filed by the Morehouse Parish Police Jury did not expressly attack in limine litis plaintiff’s allegations he was an elector and as such, entitled to bring this suit, the holding of the court that such fact was not adequately proved, is erroneous and prejudicial.
The allegations of the petition, supported by its proper verification, established proof the action was instituted in the proper capacity. See : Dunlevy Packing Co. v. Juderman, 1 La.App. 476; McDonald v. Burns, 2 La.App. 1; Powe v. Morgan’s Louisiana & T. R. R. & S. S. Co., 7 La.App. 51; Dickens v. Singer Sewing Machine Co., Inc., 1932, 19 La.App. 735, 140 So. 296; Equipment Finance Corporation v. Atkins, 1932, 19 La.App. 834, 139 So. 154; Didier v. Pardue & Pardue, La.App. 1932, 144 So. 762; Central Surety & Insurance Corporation v. Canulette Shipbuilding Co., Inc., La.App.1940, 195 So. 114; Outdoor Electric Advertising, Inc., v. Saurage, 1945, 207 La. 344, 21 So.2d 375; City of New Orleans v. Leeco, Inc., 1951, 219 La. 550, 53 So.2d 490; Post Office Employees Credit Union v. Frosina, La.App.1955, 77 So.2d 213; Liberal Finance Corporation v. Hills, La.App.1955, 81 So.2d 450. See also: McMahon, Parties Litigant in Louisiana, The Exception of Want of Capacity, 11 T.L.R. 538, 546, 547.
We find it unnecessary to pass on appellant’s attack on the refusal of the trial judge to grant a new trial or rehearing, or to reopen the trial for the purpose of submitting additional evidence. As a rule the granting or refusal of a new trial or rehearing rests within the sound discretion of the trial judge. It is only for good cause shown and where the ruling is manifestly prejudicial that the appellate court will review such a ruling. In this case the entire record is before us for consideration and therefore, the ruling complained of cannot be said to be prejudicial to the rights of the appellant. Succession of Robinson, 1937, 186 La. 389, 172 So. 429; In re Succession of Bright, 1941, 197 La. 251, 1 So.2d 94; Anderson v. May, La.App.1942, 6 So.2d 174; Huderston v. American Mutual Liability Co., La.App. *359 1943, 14 So.2d 489; Oil Field Supply & Scrap Material Co. v. Gifford Hill & Co., La.App.1943, 16 So.2d 77.
The ruling of the court on the exception of no cause or right of action filed on behalf of Sheriff E. L. Hinton is not before us for consideration. No judgment was signed maintaining the exception and apparently the correctness of the decision was acquiesced in by all parties.
Where the local option election has been declared invalid it is unnecessary to act upon the prayer for injunctive relief against the enforcement of a parish ordinance enacted to effectuate results of the election, since resolutions of the Police Jury based on a void election are without legal efficacy. McCrary v. Police Jury of Caddo Parish, La.App.1953, 66 So.2d 416, affirmed 225 La. 489, 73 So.2d 431; Tuggle v. Police Jury of Webster Parish, La.App. 1953, 66 So.2d 414, affirmed 225 La. 490, 73 So.2d 431; McGee v. Police Jury of Caddo Parish, La.App.1953, 66 So.2d 408, affirmed 225 La. 471, 73 So.2d 424, opinion followed in McCrary v. Police Jury of Caddo Parish, 225 La. 489, 490, 73 So.2d 431.
The record discloses beyond doubt that the action taken by the Police Jury in calling the election was contrary to mandatory provisions of the state local option statute, in that the petition for the election when presented to the Police Jury did not contain twenty-five per cent of the registered voters as required by LSA-R.S. 26 :582. The invalidity of the election and ordinance No. 818 is virtually conceded by counsel for appellee.
In argument counsel for appellant directed our attention to the assessment of costs when a Police Jury is cast. The parish is exempt from ordinary cost in a suit, but is subject to the payment of fees due a court stenographer under the provisions of LSA-R.S. 13:4521. See McGee v. Police Jury of Caddo Parish, supra.
For the reasons hereinabove set forth, the judgment from which appealed is annulled, reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Julius R. White, Jr., and against the defendant, Morehouse Parish Police Jury, declaring the resolution of said Police Jury adopted on November 2, 1956, calling, ordering and fixing an election for Ward One of Morehouse Parish, Louisiana, to vote on whether or not alcoholic beverages can be sold therein, and any and all other resolutions pertaining to said election, and Morehouse Parish Ordinance No. 818, adopted on January 3, 1937, to be illegal, null and void. It is further ordered that as provided for in LSA-R.S. 13:4521, the Morehouse Parish Police Jury pay only the stenographer’s costs incurred herein.