REGAN, Judge.
Plaintiff, Louisiana State Board of Medical Examiners, instituted this suit endeavoring to preliminarily and permanently enjoin defendant, Herbert R. Winder, from practicing medicine in violation of the-provisions of LSA-R.S. 37 Ú261[1] without initially obtaining a certificate in conformity with the requirements of LSA-R.S-37:1270.[2]
Defendant pleaded the exceptions of (1) res judicata, (2) former jeopardy, (3) no right or cause of action, and (4) vagueness, all of which were overruled, and then answered generally denying the allegations, of plaintiff’s petition.
From a judgment in favor of plaintiff permanently enjoining and prohibiting the defendant from practicing medicine in the. State of Louisiana until the proper certificate is obtained, defendant has prosecuted! this suspensive appeal.
The record reveals that the petition filed by the plaintiff avers that the defendant is holding himself out to the public as being “engaged within Jefferson Parish, Louisiana, in the business of diagnosing, treating,, curing, or relieving any bodily or mental! disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or *852 means is applied or used by the patient or by another person * * * ”; that the foregoing acts constitute the practice of medicine as defined by LSA-R.S. 37:1261; the defendant has never obtained the certificate provided for by LSA-R.S. 37:1270, and that he should be enjoined from said practice and be required to pay a penalty and attorney’s fees in conformity with the rationale of LSA-R.S. 37:1286. [3] Before the trial hereof plaintiff abandoned its claim to penalties and attorney’s fees.
On the trial of the merits, it was proved that the defendant did not possess a certificate or permit authorizing the practice of medicine as is required by the statute. It was also* established as a fact that the defendant was known as Dr. Herbert R. Winder and was engaged in what he termed “electronic therapy,” and it was proved that he received compensation for administering some form of electrical treatment to several individuals and also for prescribing and issuing to these persons tablets, which were analyzed by the Shils-tone Testing Laboratory as “prednisone,” manufactured by Merck & Co., Inc. and sold under the trade name of “delira.” It is also manufactured by Schering Corporation and sold under the trade name of “meticorten.” The evidence conclusively reveals that the defendant engaged in what he chooses to call the practice of “electronic therapy,” which undoubtedly is within the scope of the practice of medicine and is therefore encompassed by the terms of the statute prohibiting the practice of medicine without the possession of a certificate issued by the Louisiana State Board of Medical Examiners.
It is significant that in this Court the defendant has made no effort to resist the issuance of an injunction predicated on the merits of the case — that is, his legal right to practice medicine in conformity with the established law regulating that practice. He has principally endeavored to sustain his right to practice medicine by pleading and relying upon technicalities in the form of the following exceptions: (1) res judicata (2) former jeopardy (3) no right or cause of action (4) vagueness. The first exception directs our attention to the fact that a prior suit was instituted by the same plaintiff on or about October 20, 1949, requesting the issuance of an injunction together with penalties and attorney’s fees against the same defendant in the Twenty-fourth Judicial District Court of the Parish of Jefferson, Louisiana; and in that case after a trial on the merits, the suit was dismissed. Defendant now insists that he cannot be sued again since the same subject matter was previously adjudicated by virtue of a final and definitive judgment, specifically the issue of whether the defendant had obtained a certificate to practice medicine. Certainly, we do not disagree with the general statement of law asserted by the defendant relative to the implications of a plea of res judicata — that is, a matter settled by judgment. However, that general rule has no application to this case for the reason that none of the evidence adduced at the trial to prove the plaintiff’s case was in any way related to the evidence offered in the trial of the former suit; in fact all of the evidence adduced herein encompassed a period of time after October 20, 1949, the date of the institution of the previous suit, and therefore this case forms a separate and distinct cause of action as distinguished from the one formerly instituted by the same plaintiff against the identical defendant.
*853 The exception of former jeopardy is in the ultimate related to the plea of res judicata and was correctly overruled for the same reasons enumerated herein above; .in addition thereto the record discloses that the plaintiff abandoned its claim to penalties •and attorney’s fees as provided for in LSA-R.S. 37:1286.
The defendant pleaded the exceptions of no right or cause of action in.the .Lower Court, which were overruled, and •argued in substantiation thereof entirely ■different reasons than he now asserts in support thereof in his brief before this •court. He now rationalizes that:
(a) The plaintiff’s verified petition was ffevoid of any showing that the President •of the Louisiana State Board of Medical Examiners had been authorized or empowered by the Board to bring this action as required by LSA-R.S. 37:1286.
(b) The plaintiff’s petition and oath were defective and insufficient to support a writ of injunction and did not conform to the rigid requirements of the Louisiana Code of Practice relative to the issuance of conservatory and supervisory writs.
It is our opinion that the exception of want of legal and proper authority to file, institute, and prosecute this action and the want of verification or defective verification are dilatory exceptions,, which must be pleaded in limine litis. The following cases, we believe, confirm this conclusion.
“In Equipment Finance Corp. v. Atkins, 19 La.App. 834, 139 So. 154, the Court of Appeal for the Second Circuit held that an exception directed against the corporate capacity of a plaintiff corporation is dilatory and must be pleaded in limine and that the right to make such a plea is lost by a confirmation of default. See, also, Code of Practice, Art. 333; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Central Surety & Ins. Corp. v. Canulette Shipbuilding Co., La.App., 195 So. 114; Guaranty Discount & Collection Co. v. McClure, La.App., 172 So. 564; Dunlevy Packing Co. v. Juderman, 1 La.App. 476; and Gillon v. Miller, 15 La.App. 168, 130 So. 672.” Post Office Employees Credit Union v. Frosina, La.App.1955, 77 So.2d 213, 215.
In Louisiana State Board of Medical Examiners v. Stephenson, La.App.1957, 93 So.2d 330, 332, the Court of Appeal for the First Circuit asserted:
“As to the exception of no right and of no cause of action based on the want of verification or defective verification of plaintiff’s original petition filed in the Lower Court, we wish to specifically point out that according to the Pleadings and Practice Act now incorporated in the LSA Revised Statutes of 1950 as 13:3601 (5), Paragraph (b) provides as follows:
“ ‘Want of verification or defective verification must be taken advantage of if at all, in the case of a petition by exception filed in limine litis, and in all such cases the court may in its discretion, allow the verification to be supplied or amended upon terms as to the payment of costs, or otherwise, as it may deem proper.’
See also Bond v. Texas & P. Ry. Co., 181 La. 763, 160 So. 406.
“Defendant-appellant has only seen fit to attack the verification in this appellate court and failed to raise the issue in limine litis. Therefore, for the above and foregoing reasons said exception is overruled.”
The plea of vagueness was neither argued nor briefed before this court, and therefore may properly be considered as abandoned. In any event, we believe that it was without merit.
Obviously, the defendant predicated his case entirely on technical pleadings and revealed to us no fault with the facts as found by the trial judge who, after hearing *854 the witnesses and ordering an analysis of the prescribed tablets, concluded that the defendant was practicing medicine as defined by LSA-R.S. 37:1261 and that he had not acquired the necessary certificate permitting him to engage in this practice and therefore issued an injunction.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. “As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; * * ”.

. “No person shall practice medicine or-midwifery in any of its departments unless he possesses a certificate issued! under this Part and duly recorded.”

. “The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practising medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.
“In the suit for an injunction, the board, through its president, may demand of the defendant a penalty of not more than one hundred dollars, and attorney’s fees not to exceed fifty dollars, besides the costs of court. * * * ”