**1 So.2d 94**

**In re Succession of BRIGHT.**

**No. 35928.**

March 3, 1941.

R. F. Walker and E. R. Stoker, both of Baton Rouge, for opponent and appellant.

Eugene Stanley, Atty. Gen., and A. M. Suthon, Sp. Asst. Atty. Gen., for the State.

ODOM, Justice.

Rachel Bright, an aged colored woman and an interdict, died at the East Louisiana Hospital for Insane Persons on July 17, 1938. She left some property consisting of real estate valued at $4,000 and personal property valued at about $500.

Mr. J. St. Clair Favrot, who had for a number of years acted as curator for the interdict, was appointed administrator of her succession. In his application for appointment he alleged that the decedent had left property, real and personal; that there were privileged and ordinary debts due by the estate, that she left no relatives within the jurisdiction of the court, and that to the best of his knowledge and belief she left no heirs. He prayed that an attorney-at-law be appointed to represent the heirs, if any. The court appointed Mr. William N. Fauver, attorney-at-law, to represent absent heirs.

Mr. Favrot proceeded regularly with the administration, had the property sold to pay debts, filed a provisional account which was approved by the court, and on October 26, 1939, filed his final account. The final account showed that, after all debts and charges of administration were paid, there was a balance left in his hands. He alleged that he was desirous of ending his administration and that various persons claiming to be heirs of the deceased had

appeared, but from his investigation he was not able to determine whether such persons were in fact heirs of the deceased. He therefore prayed that he be permitted to deposit the residue of the estate left in his hands in the registry of the court, to be disposed of as the court might subsequently order.

Mr. Fauver, attorney for absent heirs, had previously come into court, alleging that he had been unable to find any relatives of the deceased.

On November 2, 1939, seven days after the administrator filed his final account and before it was approved by the court, George Washington, Jr., through his attorney, filed an intervention opposing the account on several grounds, one of which was that "your opponent is not placed on the account as an heir of the deceased, Rachel Bright * * * . Opponent further alleges that he is the sole and only heir at law of the deceased Rachel Bright, being her nearest relative in the collateral line and that he should receive all of the money to be disbursed in this proceeding, after the expenses have been first deducted."

On November 7, five days later, Elizzie Beath, Hart, and Matthew Paury, in a joint petition filed by their attorney, opposed the final account "On the grounds that your opponents are the sole and only legal heirs of the decedent, Rachel Bright, they being her maternal cousins in the second degree, and therefore entitled as such to the residue of the Estate of Rachel Bright deceased."

On December 12, 1939, these oppositions were taken up for trial, and testimony was adduced. One of the grounds on which op-

ponents opposed the final account of the administrator was that certain fees allowed the attorney for absent heirs and the attorney for the administrator were excessive. Testimony was taken as to the value of the services rendered, and the court, after hearing the testimony, ordered the amounts reduced. It seems to be conceded by all parties that the account of the administrator, as finally approved by the court, is correct.

At the hearing on December 12, 1939, opponent George Washington, Jr., and the three opponents named Paury offered testimony to establish their respective claims that they were the sole heirs of Rachel Bright, deceased, and therefore entitled to the residue of her succession.

In this connection, it may be stated that the claim of George Washington, Jr., on the one hand and that of the Paurys on the other are antagonistic, Washington claiming to be the sole heir of the deceased, and the Paurys denying that he is an heir, they claiming to be her sole heirs.

Some testimony was taken in open court at that time, and it was agreed by counsel for both sides that affidavits might be filed in support of their respective claims. The case was finally submitted to the court on December 28, 1939,

On March 11, 1940, before the court rendered a decision, the State of Louisiana, through the Attorney General, filed a pleading in the case, styled "Opposition and Motion of the State of Louisiana", alleging that Rachel Bright died intestate and without heirs; that she left no surviving spouse, no ascendants or descendants, no brothers

or sisters, no collateral heirs; that the succession was therefore vacant, and that the residue left in the hands of the administrator, after paying all debts and charges, belonged to the State and should be paid to the State Treasurer and by him deposited in the State Treasury, under the provisions of Articles 485 and 929 of the Revised Civil Code. The State prayed that the case be reopened in order that its opposition be heard. The court ordered the case reopened "for the sole and only purpose of considering the opposition to the final account filed by the State".

The State offered no evidence in support of its opposition. Its theory apparently was that the testimony offered by the opponents George Washington, Jr., and the three Paurys showed conclusively that they were not heirs, and, since they had failed to establish their right to inherit and since no others had appeared to claim the estate, there should be judgment for the State.

When the case was reopened to hear the opposition of the State, counsel for the other opponents offered to introduce additional testimony in support of their claims. The court refused to permit them to do so on the ground that the case was not reopened for that purpose.

There was judgment amending the account of the administrator in so far as certain items were concerned and ordering that the account, as amended, be approved and homologated. It was further ordered that the oppositions of George Washington, Jr., and of the three Paurys be dismissed, and that the opposition of the State be sustained, and further ordered that the admin-

istrator pay the balance remaining in his hands, amounting to $1,302.96, into the State Treasury.

From this judgment Elizzie Beath Paury alone appealed devolutively.

Appellant's complaint here is that the court erred in holding that the testimony she offered was not sufficient to establish with legal certainty her heirship, and, in the alternative, if the trial judge was of the opinion that the testimony offered by her was insufficient to establish her claim, he erred in refusing to permit her to offer additional testimony after the case was reopened to consider the State's claim.

Either the appellant is an heir of the deceased or she is not. If she is, the State has no valid claim. If she is not, she is without interest in, and has no concern with, the final disposition of the property left by the deceased Rachel Bright.

Articles 485 and 929 of the Revised Civil Code read as follows:

"Art. 485 (477). Vacant Successions Go to State. The succession of persons who die without heirs, or which are not claimed by those having a right to them, belong to the State."

"Art. 929 (923). When Succession Falls to State. In defect [default] of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the State."

■ The opponents Washington and the Paurys came into court affirming that they were lawful heirs of the deceased. The burden of proving their heirship with legal certainty rested upon them. The trial judge was of the opinion that they had failed to discharge that burden, and dismissed their oppositions.

■ After reading all the evidence brought up in the record, our conclusion is that the opponents Washington and the three Paurys utterly failed to establish the right to inherit which they asserted. On the face of the record, the ruling of the trial judge, dismissing their interventions and oppositions and ordering the residue of this succession paid into the State Treasury, is clearly correct.

Interveners had their day in court, and, for the purpose of introducing testimony to establish their claims, the trial judge gave them wide latitude. He permitted them to take testimony in open court and to file ex parte affidavits to be considered along with the other testimony. Counsel for these alleged heirs evidently were doubtful as to whether they had established with legal certainty the heirship of their clients, and requested that they be permitted to adduce additional testimony.

■ The granting of new trials and the reopening of cases for the introduction of additional testimony are matters left largely to the discretion of trial courts. Ordinarily an appellate court will not interfere unless it clearly appears that the court of original jurisdiction abused its discretion. While it does not manifestly appear that the judge abused his discretion in refusing to permit opponents to offer additional testimony in this case after the case had been reopened for the purpose of hearing the State's opposition, yet, since the circumstances surrounding this case are

somewhat out of the ordinary, we think that, in justice to all parties, the case should be remanded, set at large, and that all parties, including the State, should be permitted to offer such additional testimony as may be available.

It is therefore ordered that the judgment appealed from, in so far as it approves and homologates the final account filed by the administrator, be affirmed. It is further ordered that the judgment be set aside in so far as it dismisses outright the interventions and oppositions of those who claim to be heirs of the deceased Rachel Bright, and in so far as it orders the residue of the succession paid into the State Treasury; and further ordered that the case be remanded and set at large for the purpose of permitting all parties, including the State, to offer such additional testimony as may be available; all costs, including the cost of this appeal, to await the final disposition of the case.

PONDER, J., absent.